UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-10217-GAO |
| v. ) | |
| ) | |
| DARREN F. WILDER ) | |
| ) | |

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The Defendant, Darren F. Wilder has moved this Court for an Order suppressing evidence seized from his residence, located at 5 Valley Road, Dracut, Massachusetts, pursuant to a search warrant issued by The Honorable Robert B. Collings, United States Magistrate Judge on January 14, 2004. Defendant makes the following arguments in support of his motion:

1. Probable Cause to support issuance of the search warrant is lacking because there is no evidence Defendant downloaded images from a child pornography website;

2. Probable Cause to support issuance of the search warrant is lacking because information contained therein was stale;

3. A hearing under Franks v. Delaware[1] is required because the affiant omitted relevant information from the affidavit of probable cause and misrepresented facts.

The Government respectfully submits the Defendant's motion should be denied in its entirety as the affidavit at issue provides ample probable cause supporting its issuance and Defendant has failed to meet the threshold elements entitling him to a hearing under Franks v. Delaware.

---

[1] 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

I. **The Search Warrant Affidavit**:

The affidavit in support of a search warrant to search and seize evidence at Defendant's residence, in part, contains the following averments:

- A. The Affiant, Special Agent (SA) Colleen Forgetta with the Bureau of Immigration and Customs Enforcement (ICE) has been working in that capacity for 20 years (Search Warrant (SW) Affidavit, page 1);

- B. SA Forgetta received specialized training in Cybercrimes and Child Pornography and has observed and reviewed numerous examples of child pornography in all media forms including computer images (SW Affidavit, page 1);

- C. SA Forgetta based the content of the affidavit on her own investigation as well as her conversations with other law enforcement officers who have been involved in this and numerous other investigations involving child pornography (SW Affidavit, page 2);

- D. An explanation of how the Internet function as well as definitions of technical terms pertaining to computers (SW Affidavit, pages 4-12);

- E. Information about how computers have revolutionized the ways individuals are able to access and collect child pornography – describing doing so by using membership-based/subscription-based websites to conduct business, allowing them to remain relatively anonymous as well as using a computer for the production, communication, distribution and storage of child pornography (SW Affidavit, pages 13-17);

- F. Background information about the underlying investigation which led to Defendant becoming a target – including his name and credit information appearing on billing records of a credit card processing service and information that he had subscribed to a website containing child pornography (SW Affidavit, pages 17-26);

- G. Specific information about Defendant's purchase of a membership to www.lust-gallery.com (lust-gallery) on March 15, 2003 – including credit card records, email verification, and internet service verification (SW Affidavit, pages 26-32);

- H. Information that on March 26, 2003 (a mere 11 days after Defendant purchased his membership) and undercover federal agent purchased a one-month membership to the website www.lust-gallery.com after which he was permitted password access to the site and was able to download images of children engaged in sexually explicit conduct (SW Affidavit, pages 27-28);

I.  Information that again on July 24, 2003, another undercover federal agent purchased a one-month membership to the website www.lust-gallery.com after which he was permitted password access to the site and was able to download images of children engaged in sexually explicit conduct (SW Affidavit, pages 28-29);

J.  Information about the preview page which was reviewed and preserved by law enforcement – the preview page is described as what a potential customer to the website would see when deciding whether or not to become a member or subscriber to the site – the preview page in part stated that "all models inside are 14 and younger" and contained thumbnail images of children engaged in sexually explicit conduct (SW Affidavit, pages 30-31);

K.  Information about Defendant's criminal history, specifically, his prior criminal conviction for possession of child pornography for which he was sentenced on November 9, 2000 to 27 months incarceration followed by two years of supervised release. The underlying facts supporting this conviction are documented as follows: "between December 1999 and January of 2000, Wilder, using a computer, arranged to purchase through an undercover website a videotape containing child pornography. The videotape was advertised on the undercover web site as illegal material containing images of child pornography specifically depicting a 12 year old girl. At the time of delivery of the videotape ordered by Wilder, law enforcement officers had a search warrant to search his residence. The search warrant execution revealed that Wilder was in possession of fourteen computer disks containing child pornography, including graphic images of minors engaged in sexually explicit conduct. Wilder admitted to law enforcement officers at that time that he collected these images off the Internet over a several year period of time" (SW Affidavit, page 33);

L.  Information that Wilder was released form incarceration on November 2, 2002 and placed on supervised release (he purchased his membership to www.lust-gallery.com approximately four months after his release from incarceration) (SW Affidavit, page 33);

M.  Information on the patterns and behaviors of child pornography collectors by John MacKinnon, Special Agent and Group Supervisor for ICE, whose background includes working as a special agent for 15 years, participating in over 200 child pornography investigations over the past 8 years, participating in over 50 searches relating specifically to child pornography investigations and having instructed over 7000 law enforcement officers on child pornography investigations – concluding, in part, that "collectors of child pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly"

(SW Affidavit, pages 36-38);

N.  A statement that there is probable cause to believe that Defendant, Darren Wilder *IS* a collector of child pornography based on his membership subscription to an explicitly advertised child pornography website, his prior criminal conviction for possession of child pornography, his prior use of a computer to order child pornography, and the patterns and behaviors of child pornography collectors (SW Affidavit, pages 38-39).

## II. **The Search Warrant is supported by ample probable cause**.

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983)(emphasis added). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969).

Probable cause is to be determined according to "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175 (1949). "A magistrate need not be certain that the items will be found on the premises" in order to authorize a search warrant. United States v. Rabe, 848 F.2d 994, 997 (9th Cir. 1988). In addition deference is given to a lower courts' probable cause determinations. United States v. Grant, 218 F.3d 72 (1st Cir. 2000); see also, United States v. Procopio, 88 F.3d 21, 26 (1st Cir. 1996); United States v. Greene, 250 F.3d 471, 478 (6th Cir. 2001)(emphasis added)("[t]he magistrate's determination of probable cause is afforded *great deference*"); and United States v. Finch, 998 F.2d 349, 352 (6th Cir. 1993). On review, courts sustain the magistrate's determination of probable cause so long as "there was substantial basis

for [the magistrate] to conclude that" there was probable cause. Aguilar v. Texas, 378 U.S. 108, 111 (1964).

"The probable cause standard does not require any showing that an officer's belief that evidence will be found in the searched premises 'be correct or more likely true than false,'" Grant, supra at 75 quoting Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

A. **The totality of the circumstances supports the magistrate's finding of probable cause**:

Defendant asserts a standard beyond that required for a probable cause determination. He argues there must be concrete evidence he downloaded images from the lust-gallery website in the application for the search warrant in order to supply the requisite probable cause. This is simply not the appropriate standard. "The affidavit must be 'viewed in its entirety,' and 'must be given a common-sense and realistic, rather than a hypertechnical interpretation.'" United States v. Spinosa, 982 F.2d 620 (1st Cir. 1992) quoting United States v. Cochrane, 896 F.2d 635, 637 (1st Cir.), cert. denied, 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990).

In making his argument Defendant relies on United States v. Zimmerman, 277 F.3d 426, 432-33 (3rd Cir. 2002) and United States v. Upham, 168 F.3d 532, 533 (1st Cir. 1999); both easily distinguishable and unworthy of reliance. The search warrant at issue in the Zimmerman case sought adult and child pornography, however, the affidavit of probable cause contained only information that Zimmerman had, at some point, accessed a video clip of adult pornography (an image of a woman performing oral sex on a horse) via the Internet from his home. Zimmerman at 429. In addition, it contained information that Zimmerman had sexually assaulted minors – however, there was no information that Zimmerman had ever accessed child pornography

websites nor did he have a prior conviction for possession of child pornography as in the case *sub judice*. In addition, the challenges to the search warrant at issue in the Upham case have no correlation to the arguments advanced by Defendant in this case. Upham challenged the search warrant as overbroad and that its scope was exceeded. These are not issues raised by defendant in his motion.

Defendant's reliance on United States v. Perez, 247 F.Supp.2d 459, 481-83 (S.D.N.Y 2003) is also misplaced. In Perez, the court was faced with determining whether probable cause existed after striking statements that it determined were recklessly made in the affidavit. The affidavit at issue alleged Perez joined a bulletin board "egroup" which contained postings of images of children engaged in sexually explicit conduct[2]. The court focused on several factors in determining that the affidavit, absent the stricken statements, did not support probable cause for the issuance of a search warrant. First, that there was no information in the affidavit that the "egroup" was "'wholly illegitimate' in the criminal sense." Id. at 482. To the contrary, the court found the information in the affidavit supported that the "egroup" contained ". . . protected and legal activities: text-based messaging, answering survey questions, posting links to other sites, and 'chatting'–engaging in real time 'conversations'." In addition, the court found that the equivalent of the "preview page" for the "egroup" contained no specific reference to child pornography and did not contain any child pornography images. Essentially, there was no specific warning of what the group contained prior to joining. The court ultimately concluded that ". . . a magistrate judge could not reasonably conclude, based on the contents of the

---

[2] The information stricken included statements that anyone who was a member of the "egroup" automatically received emails of postings to the group some of which contained images of children engaged in sexually explicit conduct as attachments. The court found this was not accurate.

'corrected' affidavit, that the sole or even primary purpose for joining the group was to download images of child pornography." Id.[3]

Again, there was no information in Perez that he had a prior record for the exact same conduct – accessing the Internet to obtain child pornography, or that he had paid a membership fee to a site specifically and explicitly advertising its illegal content and depicting images of child pornography as in the case now before this court.

Although Defendant attempts to distinguish United States v. Grant, discussed *supra*, it provides valuable guidance. As illustrated, Defendant argues to establish probable cause, there must have been proof he actually downloaded images of child pornography. The affiant in the Grant search warrant did not have such proof – rather circumstantial evidence supporting possession. That is exactly the situation in this case – all reasonable inferences, including the defendant's patterns of behavior lead to a "fair probability" that evidence of a crime will be found at his residence. ". . . [P]robable cause to search . . . exist[s] so long as the . . . [a]ffidavit contained information showing a 'fair probability' that evidence of a crime would be found there." Grant at 75, citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983).

Taking the mandated common sense approach and looking at the affidavit as a whole by focusing on the totality of the circumstances illustrates that Defendant – a felon who was convicted for possession of child pornography only a short three years prior to the current offense, a man who was released from incarceration only 4 months prior to his purchase of a membership to lust-gallery, a man who admitted to downloading images of children engaged in

---

[3] It is important to note that other courts analyzing the same issues, based upon the same basic affidavit containing false information have come to the opposite conclusion. See United States v. Ramsburg, 2004 WL 2569277 (4th Cir.).

sexually explicit conduct through the Internet in the past and who clearly is a collector of child pornography – would continue in that behavior given his decision to purchase a membership to a child pornography website which advertised its content as follows:

> The top of the page states "LUST GALLERY – a Secret Lolitas Archive". It is followed by text stating: "That you're here means you're a member of one of the sites created by RedStudio. This website was developed exclusively for our members and will never be revealed to the general public. Because you were a subscriber before, we know what you like and need. And we're here to give EXACTLY the things you like EXACTLY the way you like them." This text is followed by thumbnail photos appearing one after the other across the width of the screen. Each image shows at least two unclothed minors with some images focused on the minor's genitalia. After the first row of images further text appears and states "Lust Gallery contains thousands of EXCLUSIVE images never published before. Moreover, inside we have something THAT HAS NEVER BEEN SHOWN BEFORE UNTIL NOW!" This text is followed by another paragraph stating: "All models inside are 14 or younger, every image shows at least 2 or 3 girls, every gallery is at least 50 images. Currently we have over 3500 high quality digital photos in over 40 sets. The collection is updated weekly so there is always something new for you to enjoy. Created by real young model lovers for real young model lovers. Lust Gallery is truly an elite product. We guarantee you complete satisfaction for a truly unforgettable experience." This text is followed by another row of thumbnail images going across the width of the screen. Each image shows at least two unclothed minors with some images focused on the minor's genitalia. Further text follows these images.

S.W. Affidavit, pages 30-31.

Defendant further argues that the lust-gallery preview page described in the affidavit is in fact not the preview page for lust-gallery. Def. Motion, page 8 and 19  In addition he argues the lust-gallery website contains adult pornography. Def. Motion, page 18, see also Affidavit of Peter Charles Horstman. These statement are utterly without basis. It seems counsel for defendant is basing this on his current[4] access to a website called lust-gallery and not on the lust-gallery website and preview page accessed by law

---

[4] See Defendant's motion to suppress where he states "[t]he website at issue www.lust-gallery.com is not *currently* dedicated to only child pornography as strongly suggested in the Affidavit." Def. Motion, page 7 (emphasis added).

enforcement, as well as documented and captured on March 26, 2003 – a mere 11 days of defendant's purchase,[5] as well as the undercover purchase made on July 24, 2003.

Defendant would also like this court to discount the fact that he has a prior conviction for the exact behavior which now brings him before this court. Def. Motion, page 9. The commission of the same crime is compelling evidence supporting a probable cause determination. "An affiant's knowledge of the target's prior criminal activity or record clearly is material to the probable cause determination." United States v. Taylor, 985 F.2d 3 (1st. Cir. 1993) (Defendant committed the same crime some years earlier in her residence – court found it was important in the analysis as to whether probable cause existed at the time of the application for a search warrant based upon new information of the same type of crime.) citing United States v. Asselin, 775 F.2d 445, 446 (1st Cir. 1985); United States v. Sumpter, 669 F.2d 1215, 1222 (8th Cir. 1982).

Although Defendant fails to cite the recent Ninth Circuit opinion in United States v. Gourde; it is worthy of discussion and easily distinguishable. The Gourde case involved purchasing a membership to a website containing adult and child pornography as well as child erotica. A search warrant was issued for Gourde's residence based on an affidavit of probable cause which averred he had been a member of a website entitled Lolitagurls.com for a two month period during which he had access to child pornography and that during the two month period he failed to unsubscribe. Id. at 1007. The affidavit lacked any indication that Gourde had been a collector of child pornography, had downloaded images of children engaged in sexually explicit conduct, had used the internet in the past to access and download child pornography or had a

---

[5] It should be noted, the Government has repeatedly offered to make the computer forensic evidence available for defense counsel to review, including the lust-gallery website capture and preview page captured and documented by law enforcement on March 26, 2003.

prior conviction for child pornography. In addition, even though the affidavit did contain information about the patterns and behaviors of child pornography collectors it failed to link those patterns and behaviors specifically to the Defendant in any reliable way. Id. The court concluded "... the evidence underlying the search warrant at issue here fails to draw the crucial link between Gourde's having some attenuated connection to child pornography and his actually possessing it." Id. at 1010. The search warrant affidavit in the case *sub judice* provides that necessary link.

The affidavit illustrates the Defendant, over a period of years prior to his incarceration, actively collected child pornography by downloading images via the Internet. See SW Affidavit, page 33. Evidence that a suspect had engaged in a pattern of criminal activity over a period of years is compelling evidence supporting a probable cause determination. See United States v. Feliz, 182 F.3d 82 (1st Cir. 1999). In addition, the Defendant purchased his membership to the lust-gallery website approximately four months after being released from incarceration for possessing child pornography. Defendant is also accurately described as a child pornography collector and appropriately linked to the patterns and behaviors associated with such individuals. Specifically, he purchased child pornography in the past; had collected videotapes and at least 14 disks containing child pornography over a period of years via the Internet; and was convicted of possessing child pornography for which he was on supervised release at the time of his lust-gallery membership purchase.

In United States v. Wager, 2004 WL 2339065 (E.D.Ky), the district court reviewed a denial of a motion to suppress evidence which focused on search warrants obtained based upon a lead from the same investigation in which Defendant became a target. The opinion issued by the district court is persuasive as the underlying facts are right on point. Wager also purchased

memberships to websites containing child pornography and also had a prior conviction for possession of child pornography. In addition, the affidavit of probable cause did not contain any averment that defendant had actually downloaded any image from the websites he subscribed to. Id. at 3. The defendant argued that this along with the lack of evidence that the websites offered child pornography on the exact date he had subscribed should result in the suppression of evidence. Id. at 4. The court disagreed stating the defendant incorrectly "...attacks what he *claims* the affidavits lack rather than focusing on what they actually contain and assert." Id. The court focused instead on the defendant's prior conviction for a child pornography offense, confirmed Internet access, access to child pornography websites (subscriptions) and information about the patterns and behaviors of child pornography collectors. The court specifically rejected defendant's argument that there had to be proof he downloaded images or that the websites at issue offered child pornography on the exact date of his membership purchase[6]. Id. at 4.

Giving deference to the magistrate judge and applying the principles laid out in Illinois v. Gates, the district court in Wagers concluded that based on the totality of the circumstances, probable cause existed for the issuance of the search warrants[7]. Id. at 7. The same should follow in the case *sub judice*.

---

[6] The undercover purchase to the same three websites defendant Wagers subscribed to were made 1 month, 2 months and 8 months after his purchase. Wagers at 2. Defendant Wilder's purchase was a mere 11 days prior to the undercover purchase and was done during the one month subscription period.

[7] The Wagers court factually distinguished this case from Gourde, discussed *supra.*, stating "... there is no need to make 'inferences upon inferences' in this case, as the Court found in *Gourde*. Specifically, the only inference to be made herein is that the defendant accessed child pornography on the websites at issue at some point. It is clear he had internet access . . .; and had previously been convicted on child pornography charges; his internet connections were firmly attached through his home and/or business; he purchased several subscriptions at varying times to the websites at issue; and those websites, at various points in time contained various child pornographic material." Wagers at 6.

B. **Based on the totality of the circumstances, the information contained in the affidavit was not stale:**

Defendant also argues the search warrant affidavit is lacking probable cause because the information contained therein was stale. Once again, Defendant fails to focus on the totality of the circumstances. The proper test is to ". . . evaluate staleness in light of the particular facts of the case and the nature of the criminal activity and property sought." United States v. Lacy, 119 F.3d 742 (9th Cir. 1997).

In addition, information concerning criminal activity that is of a "continuous and ongoing nature" is an important consideration in assessing whether the information relied upon to support a probable cause determination was stale. United States v. Feliz, 182 F.3d 82, 87 (1st Cir. 1999).

1. **Nature of Criminal Activity**: "[T]he principal factors in assessing whether or not the supporting facts have become stale are the age of those facts and the nature of the conduct alleged to have violated the law." United States. v. Martino, 664 F.2d 860, 867 (2d Cir. 1981), cert denied, 458 U.S. 1110 (1982); see also, United States v. Maxim, 55 F.3d 394, 397 (8th Cir.), cert denied, 516 U.S. 903 (1995), United States v. Rugh, 968 F.2d 750, 754; United States v. Williams, 897 F.2d 1034, 1039 (10th Cir. 1990); and United States v. Gallo, 863 F.2d 185, 191 (2d Cir. 1988), cert denied, 489 U.S. 1083 (1989). In evaluating the nature of the conduct, courts have considered the following factors: 1) whether the criminal activity is ongoing or discrete; 2) whether the habits of the suspected criminal are nomadic or entrenched; 3) whether the items to be seized are perishable or of enduring utility; and 4) wether the premises to be searched are a secure operating base or a mere criminal forum. United States v. Bucuvalas, 970 F.2d 937, 940 (1st Cir. 1992), cert denied, 507 U.S. 959 (1993).

"[H]istory teaches that collectors [of child pornography] prefer not to dispose of their dross, typically retaining obscene materials for years." United States v. Ricciardelli, 998 F.2d 8, 12, n.4 (1st Cir. 1993). In fact, formalized opinion concerning proclivities of pedophiles are not always necessary in a search warrant affidavit, since there is a "commonsensical inference that those who treasure such prurience do so for extended viewing, and for trafficking with others who share the same persuasion." United States v. Winningham, 953 F.Supp. 1068, 1079 n. 19 (D. Minn 1996). One court has noted:

> The observations that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to quickly destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence. This proposition is not novel in either state or federal courts: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods or time.

Lamb, 945 F.Supp. at 460.

The passage of time is not a dispositive factor in child pornography investigations. United States v. Hay, 231 F.3d 630, 633-36 (9th Cir. 2000)(six months time period between transmission of child pornography to Internet address accessible by defendant did not render information stale); United States v. Horn, 187 F.3d 781, 786-87 (8th Cir. 1999)(evidence three months old not stale where there was indications of a deep and continuing interest in defendant's child pornography collection); United States v. Sassani, 139 F.3d 895 (4th Cir. 1998)(unpublished), cert denied, 525 U.S. 921 (1998)(six month time period between last transmission of child pornography and application for search warrant did not render information stale); United States v. Lacy, 119 F.3d 742 (9th Cir. 1997) cert denied 118 S.Ct. 1571 (1998)(ten

month old information that defendant downloaded child pornography was not state based upon nature of the crime and the fact that the defendant was identified as a "collector" of child pornography); United States v. Lamb, 945 F.Supp. 441, 459-61 (N.D.N.Y. 1996)(five month old information not stale); and United States v. Bateman, 805 F.Supp 1041 (D.N.H. 1992)(seven month old information not stale).

Considering the nature of the offense as well as the pattern of activity exhibited by Defendant (discussed below), the information contained in the search warrant affidavit was not stale.

2. **Pattern of Criminal Activity**: Where an affidavit contains facts indicating that the suspected activity is continuing in nature and when the property is not likely to be destroyed, the passage of time between the receipt of the information and the search becomes less significant in assessing probable cause. United States v. Smith, 9 F.3d 1007, 1014 (2nd Cir. 1993) see also Maxim, 55 F.3d at 397-98 (where evidence showed that the defendant possessed firearms for approximately 3 years, four month old information supplied probable cause for a warrant to search the defendant's home since possession is a continuing offense and because firearm enthusiasts tend to keep their guns for long periods of time.)

The affidavit contains ample evidence that Defendant is a collector of child pornography by averring the facts underlying his prior conviction for possession as well as evidence of the conviction itself. The underlying facts include Defendant's admission to obtaining child pornography from the Internet and downloading the images over a period of years. S.W. Affidavit, page 33. This clearly support the conclusion made in the affidavit that the Defendant is indeed a collector of child pornography and therefore the patterns of behaviors of child

pornography collectors are applicable. Support is also provided by the fact Defendant purchased a subscription to a website explicitly advertising child pornography.

C. **Defendant fails to meet the threshold requirements entitling him to a hearing under Franks v. Delaware.**

"An affidavit submitted in support of a search warrant application is presumed valid, *see Franks*, 438 U.S. at 171, 98 S.Ct. 2674; *United States v. Spinosa*, 982 F.2d 620, 626 (1st Cir. 1992)(quoting *Franks*), but that presumption may be surmounted by a showing that is contains either (1) a 'false statement [made] knowingly and intentionally, or with reckless disregard for the truth,' *Franks*, 438 U.S. at 155, 98 S.Ct. 2674, or (2) 'technically accurate statements' that 'have been rendered misleading by material omissions,' *United States v. Scalia*, 993 F.2d 984, 987 (1st Cir, 1993)." United States v. Grant, 218 F.3d 72 (1st Cir. 2000).

". . . [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks v. Delaware, 438 U.S. 154, 155, 98 S.Ct. 2674 (1978).

1. **Defendant has failed to make a substantial preliminary showing.**

Defendant argues that the SA Forgetta "recklessly omitted material information from her Affidavit and misstated facts in her allegations." He specifically states "she recklessly excluded information from her Affidavit that Wilder had (1) the option of viewing images without downloading them and (2) viewing or downloading adult pornography." Def. Motion, page 18. SA Forgetta never suggests in any way that viewing couldn't have occurred without downloading the images. She never misled the magistrate judge in any way in suggesting this was the case and

therefore this argument is not worthy of any additional scrutiny. In addition, he argues SA Forgetta "... left out the very significant fact that Wilder cancelled his one-month website subscription." This is also inaccurate. The affidavit of probable cause contains information that Defendant purchased a subscription to the website lust gallery. In addition, it contains information that Defendant had a credit card record showing his membership purchase on one specific date. The affidavit also contains specific information that the two undercover purchases were for one months subscriptions. The affidavit contains the facts with no misrepresentations or speculations. Defendant further argues SA Forgetta "... provided a materially insufficient description of the website to which Wilder subscribed" arguing that she failed to include that adult pornography was available. As the affidavit described, adult pornography was not available on the dates the undercover purchases were made. The lust gallery websites on the dates of the undercover purchases contained child pornography and child erotica. As has been stated, the first undercover purchase of a membership to the lust-gallery website was done a mere 11 days after Defendant's purchase. The Defendant wants the court to consider his current access to a website allegedly called lust-gallery and argue that it is the same site accessed by Defendant and the undercover agents. This is reckless and inappropriate, especially in light of the fact that counsel for Defendant as repeatedly been offered an opportunity to view the computer forensic evidence first hand.

Defendant has failed to make a "substantial preliminary showing that a false statement [was] knowingly and intentionally, or with reckless disregard for the truth, [] included by the affiant in the warrant affidavit."

2. **Alternatively, the search warrant is supported by probable cause even without the statements at issue**. Even though the Government submits that the information contained in the affidavit is accurate, even assuming you accept Defendant's arguments, the affidavit still contains probable cause for the issuance of the search warrant without the challenged statements.

III. **Leon Good Faith Exception Applies**: The good-faith exception in United States v. Leon, is applicable. 468 U.S. 897 (1984). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. at 926. There is absolutely no evidence as outlined above that SA Forgetta acted in any dishonest or reckless behavior. SA Forgetta's reliance on the Magistrate Judge Colling's determination of probable cause ". . . was objectively reasonable, and [therefore] application of the extreme sanction of exclusion is inappropriate." See Leon at 926.

V. **Conclusion**.

For the foregoing reasons, the United States respectfully submits the motion of the Defendant to suppress the evidenced seized pursuant to the search warrant and his request for a hearing pursuant to Franks v. Delaware, should be denied.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: _____
Sherri A. Stephan, Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1400 New York Avenue, NW, 6th Floor
Washington, D.C. 20005
202-353-4438

## CERTIFICATE OF SERVICE

I, Sherri A. Stephan, hereby certify that on this 19th day of November 2004, a copy of the foregoing Memorandum in Opposition to Defendant's Motion to Suppress Evidence was served upon:

Peter C. Horstmann, Esquire

Partridge, Ankner & Horstmann, LLP

200 Berkeley Street, 16th Floor

Boston, MA 02116


*/s/ Sherri A. Stephan*
Sherri A. Stephan, Trial Attorney, USDOJ