UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )   CASE NO. 04CR10217GAO
                                    )
DARREN F. WILDER                    )
_____)

**DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL
AND INCORPORATED MEMORANDUM OF LAW**

      NOW COMES the Defendant, Darren Wilder, through counsel, and pursuant to 18 U.S.C.A. § 3142(c), respectfully moves this Honorable Court to release him on the conditions set forth by Magistrate Collings in his Order dated February 26, 2004. (See Exhibit 1, attached hereto). In support thereof, counsel states as follows:

      1.      On January 14, 2004, the Defendant was arrested for an alleged violation of supervised release based upon the same allegations set forth in the instant Indictment.

      2.      At a detention hearing on February 26, 2004, the Government argued that the Defendant be detained pending his violation hearing.

      3.      It was clear to all parties and the Court that the Defendant was facing Indictment for the instant charges which would include a single charge for violating 18 U.S.C. § 2252(a)(1), (transportation of child pornography), which carries a fifteen (15) year mandatory minimum sentence for a second violation, by allegedly sending a single E-mail attaching four images.

      4.      Following a hearing on February 26, 2004, Magistrate Collings released the Defendant on strict conditions including a secured bond in the amount of $30,000, home

detention, electronic monitoring and continued treatment.[1]  (See Exhibit 1, attached hereto).

5.  The same issues pending before this Court were pending on February 26, 2004, when the Defendant had the burden of proof.

6.  In the instant case the Government has a higher burden of proof.

7.  The principles of res judicata, collateral estoppel and the law of the case preclude the Government from relitigating these issues where they were previously litigated between the same parties with the same facts and interests at stake.

8.  Nothing has changed to make the Defendant more of a danger to the community or more likely to flee.

9.  Conversely, the Government's burden of proof in this proceeding is higher than in the probation violation proceeding.

10.  Additionally, the United States Court of Appeals for the First Circuit has recently made the Government's burden of proof more difficult.  *United States v. Hilton*, 257 F.3d 50 (1st Cir. 2001).

11.  The Defendant also has a Motion to Suppress pending before Judge O'Toole which if successful is dispositive of the case and has been pending since it was argued on January 20, 2005.

12.  The Defendant passed a polygraph indicating that he did <u>not</u> transmit child pornography.  (See Exhibit 3, attached hereto).

13.  It is respectfully submitted that the above-referenced factors weigh in favor of the Defendant's release on strict conditions, including house arrest and electronic monitoring.

---

[1] The Defendant can post a $50,000.00 cash bail.  Additionally, his father can secure a larger bond by posting his home as security, which has over $200,000.00 in equity.  (See Exhibit 2, attached hereto).

**ARGUMENT**

**I.   THE DEFENDANT POSES NO THREAT TO THE COMMUNITY**

The Government disingenuously argues that the Defendant's alleged conduct of possessing and transmitting child pornography in cyberspace renders him a danger to the community. Although a rebuttable presumption of detention does exist for individuals charged with offenses under 18 U.S.C. §§ 2252(a)(1) and (a)(2), the presumption shifts only the burden of production to the Defendant and not the burden of persuasion. *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991). The burden of production may require a defendant to produce some credible evidence showing reasonable assurance of appearance and/or no danger to the community. *United States v. Carbone*, 793 F.2d 559 (3rd Cir. 1986).

A surety's assets demonstrating family ties is sufficient evidence to rebut the presumption. *United States v. Lopez*, 827 F.Supp. 1107, 1111 (D.N.J. 1993). Once a defendant rebuts the presumption with the production of evidence, the burden of proof remains with the Government to prove risk of flight and danger to the community by clear and convincing evidence. See *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). Here, the Defendant has proffered $50,000.00 cash bail and an additional sum of $200,000.00 in surety to be secured by his father's home. His father has also, as he did in response to Judge Collings Order offered his home as the place for the Defendant's home confinement and electronic monitoring. This not only shows the Defendant's strong family ties, but provides adequate assurances against both danger and flight.

The Government relies on Congress' definition of a federal "crime of violence" as a sole basis for detention. However, the mere fact that a defendant is charged with a crime of violence does <u>not</u> meet the clear and convincing evidence standard. *United States v. Chimurenga*, 760 F.2d 400 (2nd Cir. 1985). Moreover, the Court cannot look

past the facts of this case in finding a danger to the community. The facts of this case are that the Defendant armed with nothing more than a home computer is alleged too have accessed child pornography over the internet and to have allegedly transmitted it on one occasion. The photographs were taken years ago and were in cyberspace for years. There is no evidence in this conduct of any danger to the community. The Defendant did not take the pictures, harm, kidnap or otherwise corrupt young children. Moreover, any risk of future misconduct, however remote, can be eliminated by adding the condition to the Defendant's release that he not possess or have access to a computer.

The Government further argues that the Defendant's conduct "directly" victimizes the children depicted in the images. Nothing could be further from the truth. Whether the Government acknowledges it or not, the images at issue in this case existed in cyberspace long before the alleged offenses in the instant case. Many of the children have since attained adulthood. These images will exist in cyberspace for as long as the Internet exists. To argue that by looking at an image of something that allegedly may have occurred in the past, the Defendant is causing direct harm in the present is both illogical and absurd. The fact that Congress found the foregoing to be true was directed more towards the financial motives of the child pornography trade than the Internet voyeur.

Simply put, without access to a computer, the Defendant would be deprived of any means to commit further offenses. Magistrate Collings included this as a condition to the Defendant's release. (See Exhibit 1, attached hereto).

The Government also cites studies and case law regarding individuals accused of various crimes none of which relate to the Defendant. However, the Defendant was receiving treatment as a condition of his supervised release. His counselors at the Clearview Center of New England are very supportive of Mr. Wilder. Specifically, Casey Chapman, M.S.W., L.I.C.S.W. testified before Judge Saris that even in light of the

instant offense Mr. Wilder does not pose a safety risk to the community. (See Exhibit 4, attached hereto).

Lastly, although the Government has charged Mr. Wilder with the transportation of child pornography in Count 1 of the Indictment, there is no evidence of anything more than a single E-mail. The vast majority of the alleged contents of the Defendant's computer are more appropriately charged in Count 3 which charges possession of child pornography. The crime of possession of child pornography, 18 U.S.C. § 2252(a)(4), does not create a presumption under § 3142(c). Accordingly, because the vast majority of alleged conduct involves the possession of child pornography it would be unfair to detain the Defendant as a danger for a single isolated alleged E-mail.[2] Congress clearly viewed the distributors of child pornography as a danger as opposed to possessors. The Defendant has passed a polygraph examination that he did not transmit child pornography. Based upon the conduct alleged, the Defendant may more appropriately be deemed a possessor and, therefore, not a danger to the community.

## II. THE UNITED STATES HAS NOT PROVEN THAT THE DEFENDANT POSES A SERIOUS FLIGHT RISK.

The Government briefly argues that the Defendant is a flight risk. This is not the correct standard. The Court must find that the Defendant presents a "serious" risk of flight in order to detain him. 18 U.S.C. § 3142(f)(2)(B). Pursuant to 18 U.S.C. §3142 (c), in determining the issue of bail, a judicial officer may only impose conditions which reasonably assure the appearance of a defendant. *Id.* Because there is a statutory presumption favoring release of the defendant on his or own personal recognizance or upon the execution of an unsecured appearance bond, the Government must prove that the defendant presents a risk of flight. *See* 18 U.S.C. §3142(b); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (stating government's burden of proof in risk of

---

[2] Although Count 2 charges receipt of child pornography, which does create a presumption under § 3142(e), the receipt was clearly for possession as opposed to further transmission hardly evincing a danger.

flight cases is preponderance of the evidence standard); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (Bail Reform Act recognizes "traditional presumption favoring pretrial release" for most defendants); *see also United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (finding Bail Reform Act's silence as to appropriate evidentiary standard in risk of flight cases indicates preponderance of the evidence standard). Therefore, the Government must prove that the Defendant does pose a risk of flight. *See Friedman*, 837 F.2d at 49.

    The Government has not met its burden of proving that the Defendant poses a flight risk based upon additional facts that were brought to the Magistrate's attention at the bail hearing. *See* 18 U.S.C. §3142(g). Specifically, the Defendant has no prior significant criminal record, no history of drug or alcohol abuse and no history of violence. In his prior federal case, Wilder was released without incident. Although the Defendant is charged with a crime and there is a possibility that he faces a lengthy sentence, these factors alone do not support the Government's contention that he poses a risk of flight. *See Friedman*, 837 F.2d at 50 (refusing to find that seriousness of crime and length of potential sentence alone support risk of flight).

    A Magistrate is prohibited from imposing an excessive bail resulting in the Defendant's pre-trial detention. *See* 18 U.S.C. §3142(c)(2); *see also United States v. Badalamenti*, 810 F.2d 17, 18 (2nd Cir. 1987) (remanding to determine compliance with 18 U.S.C. §3142(c)). Detaining the Defendant requires that the Court issue written findings of fact as to its reasons for the detention and/or an explanation as to why a lesser bail amount will not guarantee the Defendant's presence at trial. *See* 18 U.S.C. §3142(i). The Bail Reform Act of 1984 does not permit the *sub rosa* use of money bond to detain defendants. *See United States v. Mantecon-Zayas*, 949 F.2d 548, 551 (1st Cir. 1991). There is no reason why the Defendant's presence for trial could not be guaranteed by conditions of release.

The Defendant has financial means with which to post a significant bail as set forth in Magistrate Collings Order and as set forth herein. Assuming the Defendant has financial resources available, this would not be dispositive. The Southern District of New York in *United States v. Khashoggi*, supra, 717 F. Supp. at 1051–52, held that a wealthy Saudi Arabian businessman, despite having staggering amounts of cash at his disposal, did not pose a risk of flight. Therefore, a defendant's assets should not dictate findings with respect to the risk of flight he presents. *Id.; see also Badalamenti*, 810 F.2d at 18 (remanding to determine amount of bail defendant could post).

## CONCLUSION

Based on the foregoing arguments and authorities, the Defendant respectfully urges that the Defendant be released subject to the preceding terms and conditions and such additional conditions as this Court deems just and appropriate.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO#556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, Floor 16
Boston, MA 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 1st day of March, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Sherri Stephan, Assistant United States Attorney, United States Attorney's Office, U.S. Courthouse, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire