UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>) <br>v. )<br>)<br>DARREN F. WILDER )<br>) | CASE NO. 04CR10217GAO |

**DEFENDANT'S SECOND MOTION TO SUPPRESS EVIDENCE, REQUEST FOR FRANK'S HEARING AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Darren Wilder, ("Wilder"), through counsel, and hereby moves this Honorable Court to suppress evidence seized pursuant to an unlawful search warrant, and/or conduct a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). In support of the instant motion, the Defendant incorporates the instant Memorandum of Law[1] and states as follows:

## I. INTRODUCTION

On May 6, 2005, this Court entered an Order denying the Defendant's Motion to Suppress Evidence. In said motion the Defendant had requested a hearing pursuant to *Franks v. Delaware*, which was also denied by the Court. By the instant motion, the Defendant asserts new grounds for the suppression of evidence and/or a request for a *Franks* hearing based upon the testimony of Special Agent Colleen Forgetta on March 4, 2005, at a detention hearing before the Honorable Charles B. Swartwood III, which did not exist at the time the original Motion to Suppress was filed or argued.

---

[1] The Defendant also relies on the factual analysis arguments and authorities cited in his Motion to Suppress Evidence and Incorporated Memorandum of Law and Supporting Affidavits.

1

## II.    FACTS

On March 4, 2005, Special Agent Forgetta was asked the following question, by the undersigned counsel, and provided the following answer:

Question:    Do you have any evidence in this case from Lust Galleries that Mr. Wilder actually accessed their website on a particular date and time?

Answer:    No.

(See Exhibit 1, attached hereto, *Partial Transcript of Detention Hearing,* March 3, 2005, 44).

## III.    ARGUMENT

It is respectfully submitted that this new evidence confirms that the Government requested and obtained a warrant to search Mr. Wilder's home and computer without any knowledge that he ever accessed the Lust Galleries website, which this Court has observed may have contained both adult and child pornography. Armed with this information, the Government intentionally and willfully misled the Magistrate into believing that the Lust Galleries website had been accessed, thereby undermining any probable cause to search Mr. Wilder's home and computer.

A.    <u>The Allegations set forth in the Affidavit do not contain evidence of the Commission of a Crime.</u>

Special Agent Forgetta's discovery, during her investigation, that Wilder subscribed to a website simply does not show a fair probability that he committed a crime pursuant to 18 U.S.C. § 2252 or § 2252A, in light of the fact that no evidence existed that he accessed the Lust Galleries website. When examining probable cause for criminal conduct concerning child pornography, there must be an actual transfer of images. *See United States v. Zimmerman*, 277 F.3d 426, 432-33 (3d Cir. 2002) (with no evidence that images downloaded to or located on

2

defendant's computer, no probable cause to search for possession of pornography); *United States v. Upham*, 168 F.3d 532, 533 (1st Cir. 1999) (no issue brought up about commission element of probable cause determination where computer images were received by undercover agent). Here, there was no evidence that Wilder accessed the website let alone downloaded, but this information was withheld from the Magistrate.

In a similar New York Internet child pornography case, the court found that although an affidavit established a defendant's subscription to a newsgroup that facilitated access to child pornography, it failed to show that he automatically received images by e-mail or ever downloaded images. *United States v. Perez*, 247 F.Supp.2d 459, 481-83 (S.D.N.Y. 2003).[2] The court reasoned that "the affidavit contain[ed] nothing concrete to suggest that [the defendant] had transmitted or received images of child pornography," concluding that "a finding of probable cause would not be reasonable" in such a case. *Id.* at 483-84. In *Perez,* the Affidavit alleged that the defendant subscribed to a newsgroup from which the defendant could have accessed child pornography. *Id*. At 464-465. As in the instant case there was no evidence that the defendant had actually accessed the information or images on any date or time . *Id.* At 483-484. In *Perez*, the Court suppressed the evidence.

Fundamentally, a "warrant application must demonstrate probable cause to believe that (1) a crime has been committed - the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched – the so-called 'nexus' element." *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999). Here, the warrant application, which was supported solely by Agent Forgetta's Affidavit, failed on both the commission and nexus elements because there was no evidence Wilder accessed the website.

---

[2] The Government did not appeal the Court's decision in *Perez*.

B.     <u>Special Agent Forgetta's Omission was Intentional and Material to Warrant a *Franks* Hearing</u>

"An evidentiary hearing is required only if the defendant is able to show that alleged misstatements or omissions are material to the probable cause determination." *United States v. Stewart*, 337 F.3d 103, 107, n.2 (1st Cir. 2003). If, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156.

The good faith exception to the exclusionary rule does not apply where the application for or the execution of a warrant is objectively unreasonable under the *Franks* standard. *Leon*, 468 U.S. at 923. *See also Ricciardelli*, 998 F.2d at 15-17 (both omission of available key information in affidavit and failure to correct patent defects in affidavit merited suppression).

At a minimum, Agent Forgetta intentionally omitted material information from her Affidavit and misstated facts in her allegations. Like *Perez, supra* at 499, she intentionally or recklessly excluded information from her Affidavit that (1) there was no evidence that he accessed the website; (2) had the option of viewing images without downloading them and (3) had the option of viewing or downloading adult pornography. *United States v. Fantauzzi*, 260 F.Supp.2d 561, 566-567 (2003)(agent in *Perez* recklessly omitted information that subscribers had options and did not automatically receive images). Accordingly, this Court is urged to schedule a *Franks* hearing on the instant motion.

4

## IV. CONCLUSION

Therefore, based on the foregoing arguments and authorities, the Defendant respectfully requests that this Honorable Court grant the instant Motion to Suppress Evidence or, at a minimum, schedule a *Franks* hearing.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 3rd day of June, 2005, a copy of the foregoing DEFENDANT'S SECOND MOTION TO SUPPRESS EVIDENCE, REQUEST FOR FRANK'S HEARING AND SUPPLEMENTAL MEMORANDUM OF LAW was served electronically and by e-mail upon Sherri Stephan, Trial Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210

Peter Charles Horstmann, Esquire