UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                      )<br>)<br>DARREN F. WILDER         )<br>_____) | Criminal No. 04-10217-GAO |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**SECOND MOTION TO SUPPRESS EVIDENCE**

The Defendant, Darren F. Wilder has moved this Court a second time for an Order suppressing evidence seized from his residence, located at 5 Valley Road, Dracut, Massachusetts, pursuant to a search warrant issued by The Honorable Robert B. Collings, United States Magistrate Judge on January 14, 2004. However, Defendant fails to make any new arguments entitling him to the relief requested.

Defendant has taken one question and one answer presented to the Affiant, Special Agent Colleen Forgetta at Defendant's detention hearing held on March 4, 2005 to argue because of this statement he is now entitled to suppression or a *Franks* hearing. The question and answer Defendant relies upon is as follows:

Q:   Do you have any evidence in this case from Lust Galleries that Mr. Wilder actually accessed their website on a particular date and time?

A:   No.

Defendant's second motion to suppress, page 2. There are several inherent problems with Defendant's reliance on this statement. First, it is taken out of context in which other information supporting Defendant's criminal activity can be found; second, it asks whether or not

the affiant has received any information FROM Lust Galleries as to whether Defendant had accessed their site; and three, it does not present a different argument than has already be presented by Defendant and argued to this Court. Specifically, in Defendant's first motion to suppress he argued probable cause to support issuance of the search warrant is lacking because there is no evidence Defendant downloaded images from the Lust Gallery website.

On May 6, 2005, this Honorable Court issued a memorandum and order denying Defendant's first motion to suppress. In this Court's opinion, it stated:

> [Defendant] argues that there was no evidence offered in the affidavit that he ever downloaded or possessed any images of child pornography from the website. He argues that his mere subscription is insufficient to establish those facts by inference, because his subscription permitted him to view the images without downloading them . . . . Wilder's arguments, considered individually and together, are unconvincing. In focusing only on the holes, Wilder ignores the cheese. He is right about what the affidavit does not say; but he omits to address what it does say. Here is what it told the magistrate: Wilder is a convicted possessor of child pornography. He has obtained and retained such materials in the recent past, and it is fairly inferable that the temptation to acquire it may well persist for him. Evidence that it indeed persists is supplied by his paid subscription to a website where child pornography may be obtained. The affidavit establishes that before subscribing, a viewer is tantalized by the advertisement of the availability of child pornography through its subscription . . . . This information supplied by the affidavit permitted the magistrate fairly to infer not only that it was probable that Wilder had committed a criminal offense, but also that it was probable that execution of the search warrant would yield evidence of the crime in the form of computer images and perhaps other copies of child pornography . . . If was not necessary to establish probable cause for Agent Forgetta to provide specific proof of one or more instances of downloading, as Wilder apparently contends, where the information presented indicated that collectors typically download and that Wilder himself had a history of doing so.

The United States has fully addressed Defendant's argument in its Memorandum in Opposition to Defendant's Motion to Suppress filed on November 22, 2004 and adopts and incorporates those arguments once again in opposing Defendant's second motion to suppress.

Based on the foregoing, the United States respectfully submits Defendant's second motion to suppress and for a *Franks* hearing should be denied in its entirety.

        Respectfully submitted,
        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ Sherri A. Stephan
        Sherri A. Stephan, Trial Attorney
        Child Exploitation and Obscenity Section
        U.S. Department of Justice
        1400 New York Avenue, NW, 6th Floor
        Washington, D.C. 20005
        202-353-4438

CERTIFICATE OF SERVICE

    I, Sherri A. Stephan, hereby certify that on this 16th day of June, 2005, a copy of the foregoing Memorandum in Opposition to Defendant's Motion to Suppress Evidence was served upon:

Peter C. Horstmann, Esquire
Partridge, Ankner & Horstmann, LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116

                                                Sherri A. Stephan, Trial Attorney USDOJ