UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )   CASE NO. 04-CR-10217-GAO
v.                                  )
                                    )
DARREN F. WILDER                    )
_____)

**DEFENDANT'S MOTION FOR PRODUCTION OF DISCOVERY**

Defendant, Darren Wilder, now moves, pursuant to Fed.R.Crim.P. 16, that this Court order the government to produce to undersigned counsel a copy of the hard drive and of all Encase files, subject to a Proposed Protective Order, attached hereto. This exact Proposed Protective Order was approved by Judge Gertner in an identical case. *United States v. Frabizio*, 341 F.Supp.2d 47 (D.Mass. 2004). The discovery sought is necessary to enable undersigned counsel to investigate the manner in which the images in question came to appear on the defendant's work computer and to prepare to challenge the government's expert testimony regarding the issue of whether the images depict real children.

The discovery requested is subject to production under Fed.R.Evid. 16(a)(1)(E), which requires the government to:

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs; tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>   (i) the item is material to preparing the defense;
>
>   (ii) the government intends to use the item in its case-in-chief
>        at trial; or
>
>   (iii) the item was obtained from or belonged to the
>         defendant.

1

Here, the evidence requested is the very heart of this case, and falls within all three categories of discoverable evidence. Undersigned counsel submits that proper representation of the defendant requires that an expert examine the hard drive and the computer files that are at issue in this case.

The government has proposed that defense counsel and her expert examine the images at the ICE office, in the presence of an ICE agent. This proposal is unsatisfactory, for several reasons. Initially, the setup for this analysis and conducting the tests themselves probably would require at least two full days.

More importantly, the defendant submits that the government's proposal does not allow defense counsel to freely consult with her expert, nor does it allow her and her expert to conduct the extended examination, which may require repetition. See *United States v. Hill*, 322 F.Supp.2d 1081, 1092 (C.D. Cal. 2004) (Kozinski, J., sitting by designation).

Defense use of an ICE computer would allow the government to take note of the examination and would even create a record of that examination on the ICE computer, thus destroying any work product protection for the examination.

In *Hill*, the court concluded that "counsel cannot be expected to provide defendant with competent representation unless counsel and his expert have ready access to the materials that will be the heart of the government's case." *Id.* While the number of files involved in the *Hill* case vastly exceeded the number involved here, this case presents the added necessity of examining the images with the software used by the government's expert and may involve further analysis aimed at the same issue. Defendant also notes that Judge DiClerico recently allowed a similar defense request in the case of United States v. Donald Syphers, Crim. No. 03-11-01-JD.

The proposed protective order would prohibit duplication of the hard drive or any files or images contained on the hard drive, and would limit inspection of the file to defense counsel and

her retained expert(s) for the sole purpose of preparation of the defense in this case. Furthermore, the proposed protective order would prohibit examination of the hard drive or any of its files on any computer that is connected to the Internet or any network. The proposed order is virtually identical to that agreed to by the government in *Hill*, after the court ruled that the defendant was entitled to a copy of the computer evidence.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 9th day of September, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR PRODUCTION OF DISCOVERY was served electronically and by e-mail upon Sherri Stephan, Trial Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210

Peter Charles Horstmann, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )   CASE NO. 04-CR-10217-GAO
v.                            )
                              )
DARREN F. WILDER              )
_____)

## PROPOSED PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1. The government shall provide defendant's counsel with a copy of the retained computer evidence" currently in the custody of the ICE, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon. Defense counsel shall maintain copies of the retained computer evidence as follows:

    a. Copies of the retained computer evidence shall be maintained by defense counsel in accordance with this Order, and shall be used by counsel and employees of the Federal Public Defenders' Office designated by defense counsel solely and exclusively in connection with this case (including trial preparation, trial and appeal).

    b. Copies of the retained computer evidence shall be maintained by defense counsel in a locked file or cabinet at all times, except while being actively utilized as provided for in this Order.

    c. A copy of this Order shall be kept with the copies of the retained computer evidence at all times.

    d. Copies of the retained computer evidence shall be accessed and viewed only by defense counsel and staff employed by defense counsel.

    e. Defendant himself shall not be permitted to access or view any graphic image file containing actual or alleged child pornography, on copies of the retained evidence or in the Encase evidence files, without petition and prior order of this Court. However, defendant may access and view non-image data contained on copies of the retained computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

    f.    Any computer into which copies of the retained evidence may be inserted for access and operation shall not be connected to a network while a copy of the retained evidence is inserted into any computer.

    g.    The computer into which copies of the retained evidence are inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that defense counselor staff employed by defense counsel shall be personally present at all times a printer is connected.

    h.    In no event shall any graphic image containing actual or alleged child pornography be copied, duplicated, or replicated, in whole or in part, including duplication onto any external media.

2. The government shall provide defendant's expert a copy of all of the Encase evidence files relating to this case, which includes evidence files for all media seized from defendant's work computer, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon. a defense expert shall maintain and secure the Encase evidence files in the following manner:

    a.    Copies of the Encase evidence files shall be maintained by a defense expert in accordance with this Order, and shall be used by a defense expert solely and exclusively in connection with this case.

    b.    Copies of the Encase evidence files shall be maintained by a defense expert in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

    c.    A copy of this Order shall be kept with the copies of the Encase evidence files at all times.

    d.    Copies of the Encase evidence files shall be accessed and viewed only by a defense expert and his/her staff who the defense expert has given this Order to and who agree to be bound by the requirements of this protective order.

    e.    A defense expert shall maintain custody over the Encase evidence files and shall maintain a list of all staff granted access to the Encase evidence files.

    f.    Any computer into which copies of the Encase evidence files may be inserted for access and operation shall not be connected to a network while a copy of the Encase evidence files is inserted into any computer.

    g.    The computer into which copies of the Encase evidence files are inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that a defense expert or staff who

        are subject to this Order shall be personally present at all times a printer is connected.

    h.    In no event shall any graphic image containing actual or alleged child pornography be copied, duplicated, or replicated, in whole or in part, including duplication onto any external media.

3.    Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) copies of the retained computer evidence and the Encase evidence files to a representative of the Federal Bureau of Investigation. Upon the return of the copies of retained evidence and the Encase evidence files, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the copies of evidence.

**IT IS SO ORDERED** this \_\_\_\_\_ th day of September, 2005.

 

_____
George A. O'Toole, Jr.
U.S. District Court Judge