UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10217-GAO

UNITED STATES OF AMERICA

v.

DARREN F. WILDER,
Defendant

ORDER

November 30, 2005

O'TOOLE, D.J.

Before the Court is the defendant's motion for production of discovery. For the reasons discussed briefly below, the motion is granted, subject to the attached protective order.

The defendant is charged under 18 U.S.C. § 2252 (a) with transportation, receipt and possession of child pornography. At trial, the government intends to offer expert testimony to the effect that the images found on the defendant's computer depict real children, rather that computer generated images. The defense requests production of a copy of the hard drive of defendant's computer and of all Encase files,[1] arguing that it needs the materials to adequately investigate the manner in which the images came to be on the defendant's computer, as well as to prepare a challenge to the government's expert testimony.

---

[1] "Encase files" have been described as a type of forensic software. See United States v. Hill, 322 F.Supp. 2d 1081, 1091 (C.D. Cal. 2004)

The government, submitting that the items requested contain "contraband visual depictions of minors engaging in sexually explicit conduct," contends that the items should be reviewed at a law enforcement agency to avoid further dissemination, and that the defendant has made no compelling argument to justify turning over the materials to defense counsel, much less to a civilian expert.

The defendant requests production of the discovery materials pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(E), which requires the government to, upon a defendant's request:

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> 
> (i)     the item is material to preparing the defense;
> 
> (ii)    the government intends to use the item in its case-in-chief at trial; or
> 
> (iii)   the item was obtained from or belongs to the defendant.

The copy of the hard drive and the Encase files requested by the defense are discoverable under Rule 16. However, as the government points out, Federal Rule of Criminal Procedure 16 (d)(1) permits the court to "order that the discovery or inspection [of otherwise discoverable materials] be denied, restricted, or deferred, or make such order as is appropriate." Citing the compelling public policy against the sexual exploitation of children that occurs with the distribution of child pornography, the government urges the court to utilize its authority under Rule 16 (d) and "restrict defense counsel to a reasonable review of the image files in the offices of Government counsel." The government offers several cases in support of its argument, including United States v. Kimbrough, 69 F.3d 723 (5th Cir. 1995) (finding child pornography to

be illegal contraband and that Fed. R. Crim. P 16 did not require such evidence be distributed to or copied for the defense given that government offer to permit inspection at government facility was reasonable) and United States v. Horn, 187 F.3d 781 (8th Cir. 1999) (given the fact that child pornography tapes were prima facie contraband, court's denial of Rule 16 motion was authorized).

    The defense counters that the government's proposal is unsatisfactory for a number of reasons, including the length of time that would be required for the analysis; the fact that defense counsel would be inhibited from consulting freely with his expert; and the potential that use of the government facilities would (i) enable the government to take note of the examination and (ii) create a record of the examination on the government's computer, essentially destroying any work product protection for the examination. However, defense counsel does not argue for unfettered use of the materials, but rather requests that they be produced subject to a detailed protective order issued by this court pursuant to Rule 16 (d). In support of its argument, the defense cites to United States v. Hill, 322 F. Supp. 2d 1081 (C.D. Cal. 2004) (Kozinski, J., sitting by designation) and to an order issued recently in this District in the case of United States v. Frabizio, Crim. No. 03-10283 (D. Mass. 2004).

    Judge Gertner's order in Frabizio reviews the holdings in Kimbrough, Horn and Hill and finds Hill to be the most compelling, a conclusion with which I agree. Notably, the courts in Kimbrough and Horn did not hold that district courts must reject motions for production of discovery where such motions request contraband, but rather that the lower courts had not abused their discretion by doing so in the cases before them. In fact, the courts in both cases seemed to indicate that upon a sufficient preliminary showing of prejudice or need, such a request could be

granted. See Kimbrough, 69 F.3d at 731 ("Kimbrough has failed to demonstrate that any actual prejudice arose from his inability to procure copies of the charged items"); Horn, 187 F.3d at 792 ("In a proper case, and perhaps after a sufficient preliminary showing, such a rationale might well have required the trial court to grant Mr. Horn's discovery motion.").

Here, as in Hill and Frabizio, the defense has demonstrated a need for production that exceeds the limited scope of the government's proposal. While the government has offered to make the materials available at its facilities for as much time as the defense expert requires, its proposal does not adequately address all of the concerns raised by defense counsel. The defense expert should have as much time as he needs to conduct his analysis, and should be able to run tests in his own facility, using his own tools. See Hill, 322 F. Supp. 2d at 1092. In addition, ordering production on the terms requested will permit defense counsel and his expert to confer freely and will obviate any concerns that use of a government computer would leave a record of the analysis that might destroy the confidentiality and work product protection to which the defense is entitled.

Finally, there is no indication that defense counsel and any expert he hires cannot be trusted with the materials. The protective order adequately addresses any concerns the government might have about further dissemination of the materials, and its concern that permitting "the distribution of child pornography by allowing the Defendant's counsel an exact copy of the computer hard drive and Encase files would be to condone the continued exploitation of the child depicted in the image files" is the same regardless of where the images are analyzed.

Accordingly, the defendant's motion for production of discovery is granted subject to the attached protective order, and the government is ordered to produce the requested discovery on or before December 15, 2005.

It is SO ORDERED.

_November 30, 2005_
DATE

_/s/ [signature]_
DISTRICT JUDGE