UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )   CASE NO. 04CR10217GAO
v.                                  )
                                    )
DARREN F. WILDER                    )
_____)

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO SEVER COUNT 1 AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Darren Wilder, through counsel, and hereby respectfully moves this Honorable Court to dismiss the Second Superceding Indictment against him, charging a violations of child pornography laws pursuant to Title 18 U.S.C.A. §2252.  In support thereof, counsel states the following:

**I.  Introduction**

On January 26, 2006, a Grand Jury returned a Second Superseding Indictment against the defendant alleging violations of 18 U.S.C.§ 2252 (a)(1) [Attempt/Receipt of Child Pornography]; 18 U.S.C. §2252 (a)(4)(B) [Possession of Child Pornography]; 18 U.S.C. §2253 [Forfeiture]. Counts 2 and 3 of the Second Superseding Indictment charging Receipt and Possession respectively allege that the offenses were committed after April 30, 2003, the date the PROTECT ACT became law.[1]  P.L. 108-21.   The PROTECT ACT substantially increased the penalties for violations of 18 U.S.C. §2252 and criminalized certain virtual imaged previously granted First Amendment protection in Ashcroft v. Free Speech Coalition, 535 U.S. 243 (2002). Id.

---

[1] Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act.

## II. Argument

**A.    COUNT 1 THE INDICTMENT SHOULD BE DISMISSED WHERE THE GRAND JURY COULD NOT HAVE CONCLUDED THAT THE DEFENDANT TRANSPORTED CHILD PORNOGRAPHY OR, IN THE ALTERNATIVE, COUNT 1 SHOULD BE SEVERED FOR TRIAL.**

Count 1 alleges that the Defendant sent an email on April 5, 2003, which attached files containing four images of child pornography. The four images appear to be of the same nude female child. In three of the images the child's genitals are displayed and in one image a "sex toy" is displayed. In a report describing the images, the Government's expert Nuygen describes the images as "child exploitation" not child pornography as described in other portions of the report. Further, S/A Paul Hartigan testified at a hearing on February 24, 2004, that the four images attached were of a girl nude.

In order to charge the defendant with transporting child pornography the Government must have produced evidence to the Grand Jury that the images involved a "minor engaging in sexually explicit conduct." 18 U.S.C. §2252 (a)(1)(A). "Sexually explicit conduct" is defined in 18 U.S.C. §2256 (2)(A) as:

> (i) Sexual intercourse…between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person.

For the purposes of the instant images subparagraph (v) above is the only potentially applicable description. However, the First Circuit has adopted the following factors to guide the inquiry as to whether lascivious exhibition exists:

> 1.    whether the genitals or pubic area are the focal point of the image;

      2.    whether the seeing of the image is sexually suggestive (i.e., a location generally associated with sexual activity) ;
      3.    whether the child is depicted in an unnatural pose or inappropriate attire considering her age;
      4.    whether the child is fully or partially clothed, or nude;
      5.    whether the image suggests sexual coyness or willingness to engage in sexual activity; and
      6.    whether the image is intended or designed to elicit a sexual response in the viewer.

*United States v. Brunette*, 256 F. 3d 14, 18 (1st Cir. 2001); *United States v. Amirault*, 173 F. 3d 28, 31-32 (1st Cir. 1999).  Clearly the images to not meet the forgoing factors and, therefore, Count 1 must be dismissed.

    Alternatively, if the Court declines to dismiss Count 1, severance is required under Rule 14 of the Federal Rules of Criminal Procedure because the joinder of counts will require the defendant to assert inconsistent defenses at trial.  For example, as to Count 1, the defendant may only assert that the images do not constitute child pornography.  However, as to Counts 2 and 3 the defendant may assert that be never possessed the images.  These two defenses are incompatible and severance is mandated.

    **B.**    **THE INCREASED PENALTIES UNDER THE PROTECT ACT VIOLATE THE EIGHTH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT**

    The PROTECT Act established severe mandatory minimum sentences for second offense violators of 18 U.S.C.§ 2252.  For a second offense of receiving child pornography a defendant now faces a 15 year mandatory minimum sentence.  Similarly, a second offense for possession of child pornography now carries a 10 year mandatory minimum sentence. These sentences apply regardless of the character of the images, the manner in which the images are acquired, the availability of the images, the quantity of images or the mental health of the defendant.  A 15 year mandatory minimum sentence is equal to the penalty imposed upon a person convicted of

actually exploiting children under 18 U.S.C. § 2251.  Such a result is draconian given the relative culpability of the two offenders.  By contrast, the offender under § 2251 actually participated in actions in which the statutory rape of children was perpetrated and photographed while the offender under § 2252 may not be able to control his impulse to view images of the photographs circulated for free on the internet without any history of violence.

A majority of the Justices of the United States Supreme Court have upheld the proportionality requirement of the Eighth Amendment first announced in *Weems v. United States*, 217 U.S. 349 (1910), but have limited its application to the most narrow circumstances. *Harmelin v. Michigan*, 501 U.S. 957 (1991).  Speaking for a majority of the majority in *Harmelin,* Justice Kennedy recognized that the Eighth Amendment forbids extreme sentences that are "grossly disproportionate" to the crime.

In increasing the penalties under the PROTECT Act, Congress appears blind or ignorant to the nature of computer and internet technology and the fact that the availability of free child pornography on the internet has forever its ability to reduce the supply of child pornography by reducing demand.  An unlimited supply of child pornography will forever exist in cyberspace without the need for sales transactions or hard copies of photographs.  This undercuts the very premise of child pornography laws that individuals engaged in this industry are motivated by financial gain and can be stopped by reducing demand.

To equate conduct which may be committed in seconds in the privacy of ones home without cost and without the violence associated with the statutory rape of children is grossly disproportionate.

**C.    18 U.S.C.A. §2252 VIOLATES THE FIRST, FOURTH, FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

The statutory provision of Title 18 U.S.C.A. §2252 and §2256 are, as written, repugnant to the First, Fourth, Fifth and Sixth Amendments to the Constitution of the United States and the Commerce Clause of the United States Constitution and as applied in the instant case because:

Said statutory provisions are void for vagueness in that the same forbid or require the doing of an act in terms so vague, fluid, and indefinite that men of common intelligence must necessarily guess at the meaning and differ as to the application thereof and, as such, are repugnant to the due process provisions of the Fifth Amendment to the United States Constitution; further,

Said statutory provisions are void for over-breadth by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms in that the provisions set forth no standards for determining and regulating child pornography and, thus, are insufficient for those minimum standards prescribed by the United States Supreme Court in connection with publications presumptively protected under the First Amendment; further

Said statutory provisions are void for vagueness and impermissible overbreadth, in the area of First Amendment freedoms, because the said provisions are susceptible of sweeping and improper application by law enforcement officials and have a "chilling and inhibiting effect" on the exercise of the federal constitutional rights of citizens of United States, as well as the Defendants, to publish, transport, distribute, circulate, sell, receive, and/or purchase magazines, books, and other printed materials; further,

Said statutory provisions are repugnant to the substantive due process provisions of the Fifth Amendment to the United States Constitution because they permit deprivation of liberty and/or property interests for the exercise of First Amendment rights by unreasonable, arbitrary, and capricious means by federal law enforcement officials without a showing of a real and

5

substantial relationship to the United States Government's subordinating interest, which is compelling to justify its action limiting First Amendment freedoms; further,

Said statutory provisions are impermissibly overbroad and repugnant to the procedural due process requirements of the Fifth Amendment to the United States Constitution by employing means lacking adequate safeguards which due process demands to assure non child pornography material the constitutional protection of the First Amendment to which it is entitled; further

Said statutory provisions are vague and impermissibly overbroad and thus repugnant to the First, Fourth, and Fifth Amendments to the United States Constitution in that said provisions permit inherent powers of censorship and suppression, constituting a prior restraint on the exercise of defendants' First Amendment rights by law enforcement officials of the United States; further,

Said statutory provisions are void for impermissible overbreadth and repugnant to the United States Constitution as aforesaid, in that the determination of child pornography *vel non* is a question of law and not a question of fact; further,

Said statutory provisions are void for vagueness and violative of due process in that said provisions do not set out by their terms, any constitutionally relevant and permissible definition of what constitutes "child pornography" matter or "possession", as it relates to evidence downloaded unintentionally or by third parties on to a defendants' computer, or "lacsivious", as it relates to child pornography as, is constitutionally required; further,

Said statutory provisions are void for impermissible overbreadth in that the same fail to require that Defendants have knowledge of the obscene character and child pornography content of any images; and further,

In the alternative, the statutory provisions of Title 18 U.S.C.A. §2252 and §2256 are clearly repugnant to the First, Fourth, Fifth, and Sixth Amendments to the United States Constitution, as said provisions have been applied, construed, and are being applied and construed by the United States Attorney and/or law enforcement officials for the United States Government, in the following respects:

1. That in the application of said provisions, the United States Attorney has charged or caused to be charged as child pornography, materials which are not child pornography in the constitutional sense, as a matter of law; further,

2. That in the application of said provisions, the Grand Jury has filed a facially unconstitutional criminal indictment in that the same fails to charge scienter, *i.e.*, that the Defendants had knowledge of the child pornography character and content of the publications alleged to be child pornography.

### III.  Conclusion

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court us respectfully urged to dismiss the Second Superseding Indictment against them on any one or all of the grounds set forth herein or to sever Count 1.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 13th day of February, 2006, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER COUNT 1 AND INCORPORATED MEMORANDUM OF LAW was served electronically and by e-mail upon Sherri Stephan, U.S. Department of Justice Child Exploitation and Obscenity Section 1400 New York Avenue NW, 6th Floor, Washington, DC 20005 and upon Dana Gershengorn, AUSA, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire