UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA            )
                                    )
v.                                  )       CASE NO. 04CR10217GAO
                                    )
DARREN WILDER                       )
_____)


**DEFENDANT WILDER'S MOTION IN LIMINE REGARDING E-MAIL EVIDENCE**

NOW COMES the defendant, Darren Wilder ("Wilder"), through counsel, and respectfully moves this Honorable Court to review in advance of their admission all purported e-mails or other electronic communications the Government intends to offer pursuant to the Federal Rules of Evidence.  The Government has produced e-mails through discovery, purportedly involving the defendant in this case and third parties, which it may seek to introduce at trial.  It is believed that the Government is not in possession of the original e-mails.  Therefore, the Court should be aware of the following issues relating to e-mail and electronic communications:

1.      *Authentication*: Any e-mail offered as evidence must be authenticated as a condition precedent to admissibility.  FRE 901(a).  The offering party, therefore, must present "evidence sufficient to support a finding that the matter in question is what its proponent claims."  *Id*.  That requirement may generally be met through the presentation of chain of custody evidence, distinctive characteristics per FRE 901(b)(4), or testimony by a witness with knowledge per FRE 901(b)(1).

Moreover, "chain of custody" evidence must meet the authentication requirement.  Generally, the proponent of the evidence must satisfy the judge "that in reasonable probability the evidence has not been altered in any material respect."  *United States v. Aviles*, 623 F.2d

1192, 1198 (7th Cir. 1980); *United States v. Collado*, 957 F.2d 38, 39 (1st Cir. 1992). In determining whether any alterations have occurred, the court should consider "the circumstances surrounding the preservation and custody of [the evidence], and the likelihood of intermeddlers tampering with it." *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960). This should include and inquiry into whether the computer forensic program "Encase" used by the Government to retrieve emails, has altered the evidence in anyway. (See Motion in Limine to Preclude Encase Recovered Evidence).

As discussed, the Government may present evidence that it recovered evidence and therefore, must meet the authentication requirements of F.R.E. 901(a). *Compare United States v. Luna*, 585 F.2d 1, 6 (1978) (holding that where officers had established the chain of custody, and appellants had offered no evidence that the evidence had been altered, the trial judge was entitled to rely on a presumption of *official* regularity) (*emphasis added*).

For the same reason, the Government should not be permitted to authenticate the e-mails through the presentation of "process or system" evidence pursuant to F.R.E. 901(9). Generally, "evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result" may suffice for purposes of authentication. *See* F.R.E. 901(9). In this case, any evidence offered to show the reliability of data stored on or retrieved from a hard drive will be meaningless in light the Government's opportunity to alter the contents of the hard drive.

2.  *Hearsay*: An e-mail containing hearsay may not be introduced as evidence to prove the truth of its contents, F.R.E. 801(c), unless the party offering the e-mail satisfies the court that it is admissible under an exception to the hearsay rule. F.R.E. 802.

a.    The "business records" exception to the hearsay rule allows the introduction of documentation so long as it is "kept in the course of a regularly conducted business activity," and it is "the regular practice of that business activity to make [such documentation]." F.R.E. 803(6). "[I]n order for a[n] [e-mail] to be admitted as a business record, there must be some evidence of a business duty to make and regularly maintain records of this type." *United States v. Ferber*, 966 F.Supp. 90, 98 (D. Mass. 1997); *Monotype Corp. PLC, v. Int. Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994) ("E-mail is far less of a systematic business activity than a monthly inventory printout.").

c.    The Government may not introduce the e-mails under the residual exception to the hearsay rule, unless there are "equivalent circumstantial guarantees of trustworthiness," and the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." F.R.E. 807. In this case, the Government has procured the e-mails from Wilder. If the Government nonetheless purports to offer evidence under Rule 807, this Court should require that the Government provide notice of its intent and the particulars of the statement it intends to offer. *See* F.R.E. 807.

The Court may conclude that an e-mail, though admissible for some purposes under 801(d)(2)(a) or 803(6), may nevertheless contain statements by individual that do not fall within the scope of the aforementioned hearsay exceptions. Accordingly, any inadmissible hearsay contained in an otherwise admissible e-mail should be redacted prior to introduction. *See* F.R.E. 805.

3.    *Best Evidence*: Generally, in order to prove the contents of an e-mail, the party offering the evidence must produce an original printout "shown to reflect the data accurately."

F.R.E. 1001(3). It is believed, however, that the Government intends to offer duplicates of e-mail communications between the Defendant and other parties. These duplicates will likely take the form of either photocopies of the original printouts, or printouts of an e-mail that has been forwarded by someone other than the e-mail's author. *See* F.R.E. 1001(4). Such duplicates should not be admitted where, under the circumstances, "it would be unfair to admit the duplicate in lieu of the original." F.R.E. 1003; *See United States v. Mulinelli-Navas*, 111 F.3d 983, 989 (1st Cir. 1997).

     4.    *Doctrine of Completeness*: The Government may not offer e-mails into evidence unless they are accompanied by "any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." F.R.E. 106; *See U.S. v. Simonelli*, 237 F.3d 19, 28 (1st Cir. 2001) ("The Doctrine of completeness . . . operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement.").

     5.    *Unfair Prejudice*: Any e-mail evidence should "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

WHEREFORE, the Defendant requests that the government, in seeking to admit e-mail evidence, be ordered to comply with the Federal Rules of Evidence as described herein.

        Respectfully submitted,
        Darren Wilder
        By his attorney

        Peter Charles Horstmann, Esquire
        BBO #556377
        PARTRIDGE, ANKNER & HORSTMANN, LLP
        200 Berkeley Street, 16th Floor
        Boston, Massachusetts 02116
        (617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 17th day of February, 2006 a copy of the foregoing DEFENDANT WILDER'S MOTION IN LIMINE REGARDING E-MAIL EVIDENCE was served by First Class Mail upon Dana Gershengorn, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210 and upon Sherri A. Stephan, US Department of Justice, Child Exploitation and Obscenity Section, 1400 New York Avenue NW, 6th Floor, Washington, DC 20005

Peter Charles Horstmann, Esquire