UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA        )
                                )
v.                              )     CASE NO. 04CR10217GAO
                                )
DARREN WILDER                   )
_____)


**MOTION IN LIMINE PURSUANT TO FED.R.EVID., RULES 402, 403, 404(b) AND 609(a), TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTION, INTERNET SUBSCRIPTIONS, INTERNET LOGS AND PROGRAMS INSTALLED ON THE DEFENDANT'S COMPUTER AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES, the Defendant, Darren Wilder, through counsel, and respectfully moves this Honorable Court for an Order prohibiting the Government from introducing evidence of the prior conviction of Darren Wilder, his internet subscriptions, history and internet logs at the trial of this case.

This motion is made on the grounds that said evidence is no relevant under Fed. R. Evidence 402, the prejudice resulting from the use of introduction of this evidence is prohibited under the Fed. R.. Evidence 404(b) and substantially outweighs any legitimate evidentiary purpose there pursuant to Fed. R. Evidence 403 and 609(a).

### I.  ARGUMENT

**A.   THE DEFENDANT'S PRIOR CONVICTION IS INADMISSIBLE IN ADDITION TO ANY STATEMENTS REFERENCING IT**

The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove the defendant's conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may,

>however, be admissible for the purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provided reasonable notice in advance of trial, or during trial if the could excuses Pre-Trial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of providing the existence of essential facts upon which the relevance of the evidence hinges.  *Huddleston v. United States*, 485 U.S. 681 (1988).  Further, the Court stated that a trial court may admit evidence of extrinsic acts under Rule 404(b), provided "there is sufficient evidence to support a finding by the jury that he defendant committed a similar act." *Id.*

The United States Court of Appeals for the First Circuit has held that the use of 404(b) evidence is not limited to those uses listed in the rule, provided the trial court determines: (1) that the proffered evidence is relevant to some issue other than the issue of the defendant's character; and (2) that the evidence, if relevant, is not more prejudicial than prohibitive.  *United States v. Walters,* 904 F.2d 765, 768 (1st Cir. 1990); *United States v. Fields,* 871 F.2d 188, 196 (1st Cir. 1989), *cert. denied,* 110 S.Ct. 369 (1989); *Unites States v. Flores-Perez,* 849 F.2d 1, 4 (1st Cir. 1988).

The initial question facing the trial court is whether the proffered evidence is relevant to any issue other than illustrating the defendant's bad character.  *United States v. Walters,* 904 F.2d at 768.  The Government may not offer evidence of a defendant's bad acts or other crimes for the purpose of showing criminal propensity or bad character.  *United States v. Johnson,* 893 F. 2d 451, 453 (1st Cir. 1990); *United States v. Simon*, 842 F. 2d 552, 553 (1st Cir. 1988); *United States*

*v. Rubino Estrada,* 857 F. 2d 845, 847 (1st Cir. 1988).

Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the resolution of the matter more probable than it would be without the evidence. Fed. E. Evid. 401; *United States v. Walters supra,* at 768. In the instant case, the proffered evidence is that the Defendant was previously convicted of possession of child pornography **on computer disks**. There is no similarity to the changes in the instant case where the alleged pornography was retrieved from the Defendant's hard drive, but there is no evidence that he possessed it. In fact, a vast majority of the alleged images were deleted before they were possessed.

Assuming *arguendo* that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant, Rules 403 and 609(a). If this evidence of other acts is relevant to a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the defendant of unfair prejudice. *United States v. Johnson*, 863 F. 2d at 453; *United States v. Fields*, 871 F. 2d at 196; Fed. R. Evid. 403. Certainly, if the Defendant were charged with tax fraud or some other tax-related crime, the prejudicial effect of such evidence of a conviction involving child pornography would be outweighed by its probative value. *See United State v. Orr,* 864 F. 2d 1505, 1510 (10th Cir. 1988); *United States v. Bowman*, 602 F. 2d 160, 163-164 (8th Cir. 1979). However, in the instant case, the issue facing the jury is likely to be more inflamed by the prior conviction. In fact, the real issue for the jury is whether the Defendant possessed the images specified in the indictment. Therefore, the prejudicial effect of a prior possession conviction on the part of the Defendant

3

would be substantial given the distinct nature of the questions facing the jury and the distinct dissimilarity between the proffered 404(b) evidence and those issues.

Additionally, reference to the Defendant's prior conviction and probationary status is made in the statements the Defendant allegedly made during the search of his residence which the Government may seek to introduce at trial. For example, Wilder allegedly states that he "lied" too his probation officer about accessing the internet. Further, Wilder allegedly "blamed the system for not helping him" and that he "was on a waiting list for treatment for several months while in jail." There are other references as well. These are obvious references to the Defendant's prior conviction which should precluded for the same reasons set forth above.

Lastly, the Government may seek to introduce evidence of the Defendants letter to SORB[1] following his conviction. Once again this is an obvious reference to his prior case and should be excluded for the reasons set forth above.

### B.    SUBSCRIPTIONS TO WEBSITES ARE INADMISSABLE UNDER RULE 402, RULE 404(b) AND/OR RULE 403

The Government clearly intends to introduce evidence at trial regarding the Defendant's purchase of a one month subscription to "lust galleries" through the use of his Citibank Visa card. The Government intends to offer e-mail correspondence between the Defendant and "lust galleries" in addition to records from his credit card company to establish his subscription. Through discovery the Government has also produced evidence of other websites included, but not limited to "Child Love" which the Defendant either communicated with or purchased brief subscriptions for. It is believed that Government intends to introduce e-mail communications

---

[1] Sexual Offender Registry Board

between the Defendant and the internet companies and any record of payment for subscriptions based on his credit card records.

However, the Government will be unable to prove that any of the images it claims constitute child pornography were obtained from any of these websites. In fact, the Government has conceded at least with respect to "Lust Galleries" that adult pornography was available on the website as well. Accordingly, unless the Government can establish that the images it intends to introduce at trial derived from any of these websites, the evidence relating to e-mail communications and payment for subscriptions is irrelevant under Rule 402, not properly admissible as an exception to Rule 404(b) and more prejudicial than probative under Rule 403.

    **C.    THE DEFENDANT'S COMPUTER PROGRAMS, INTERNET HISTORY, FAVORITES, DBX FILES, COOKIES, INTERNET EXPLORER  LOGS ARE INADMISSIBLE UNDER RULE 402, 404(b) AND RULE 403**

As part of its discovery obligations in the instant case the Government has produced logs which purport to list various categories of information obtained from the Defendant's computer. To date the logs provided include lists of:

    1. Installed programs on the Defendant's computer;

    2. The Defendant's Internet Explorer history (47 pages) for the two weeks prior to the search;

    3. Entries from the Defendant's Internet Explorer from 2003 Internet Explorer "cookies" from April of 2003;

    4. A list of the Defendant's "favorites";

    5. A list of "DBX Files".

All of the forgoing lists include names of websites and or files which are inflammatory and may have no relationship to the images charged in the instant case.  For example, the Defendant's "favorites" log includes references to both adult pornographic websites and references to websites such as "Sexyteenclub.url" and  "Lolitabuffet.url".  The Defendant's DBX files includes references to "adult erotica", "erotica early teens" and "erotica young."  The Defendant's list of installed programs includes a program called "Live Girls".  The Defendant's Internet Explorer includes references to "New England Escorts", "Russian Ladies", and "Teens by Mail".  The Defendant's "cookies" include "Sextracker", "Best XXX Brunettes", and "Magic-Nymphettes".  The foregoing references is not intended to be an exhaustive list of the items that are claimed to be prejudicial herein.  For the same reasons set forth in Argument B above, the foregoing evidence is not relevant under Rule 402 unless the Government can establish that the alleged illegal images were obtained through any of these programs, websites and/or files.  More importantly, the evidence is highly inflammatory, not admissible for permissable purpose under Rule 404(b) and clearly more prejudicial then probative under Rule 403

## II.  CONCLUSION

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to exclude any evidence of foregoing evidence at trial.

**THE DEFENDANT REQUESTS A HEARING ON THIS MOTION.**

                      Respectfully submitted,

                      Peter Charles Horstmann, Esquire
                      BBO #556377
                      PARTRIDGE, ANKNER & HORSTMANN, LLP
                      200 Berkeley Street, 16th Floor
                      Boston, Massachusetts 02116
                      (617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 17th day of February, 2006, a copy of the foregoing MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTION AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Dana Gershengorn, Assistant United States Attorney, United States Attorneys Office, One

Courthouse Way, Boston, MA 02210 and upon Sherri A. Stephan, US Department of Justice, Child Exploitation and Obscenity Section, 1400 New York Avenue NW, 6th Floor, Washington, DC 20005

                                                                                                  Peter Charles Horstmann, Esquire