UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CASE NO. 04CR10217GAO |
| v. | ) ) |  |
| DARREN F. WILDER | ) ) |  |
| _____ | ) |  |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE OF IMAGES ALLEGEDLY OBTAINED FROM THE DEFENDANT'S COMPUTER WHICH DO NOT DEPICT MINORS ENGAGED IN "SEXUALLY EXPLICIT CONDUCT" AS DEFINED IN 18 U.S.C.A. §2256 AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Darren Wilder, through counsel, and hereby respectfully moves this Honorable Court to issue an Order precluding the Government from introducing evidence at trial of images which do **not** depict "sexually explicit conduct" pursuant to Title 18 U.S.C. §2252 and §2256. It is the Defendant's position that very few of the images charged meet the definition of "sexually explicit conduct". In support thereof, counsel states the following:

### I. Introduction

On January 26, 2006, a Grand Jury returned a Second Superseding Indictment against the Defendant alleging violations of 18 U.S.C.§ 2252 (a)(1) [Transportation of Child Pornography]; 18 U.S.C.A. §2252(a)(2) & (b)(1) [Attempt/Receipt of Child Pornography]; 18 U.S.C. §2252 (a)(4)(B) [Possession of Child Pornography]; and 18 U.S.C. §2253 [Forfeiture]. Count 1 alleges that the Defendant transmitted four images by a single email. The Defendant has already argued in his Motion to Dismiss, which is pending with the Court, that none of the four images constitute child pornography and, therefore, the Grand Jury could not have properly concluded that he transmitted child pornography. If the Court denies the Motion to Dismiss, the Defendant

requests that the Court exclude from evidence any images of the four which do not meet the definition of "sexually explicit conduct".

With respect to Counts 2 and 3 it is respectfully submitted that the following images set forth in the Second Superceding Indictment do not meet the definition of "sexually explicit conduct":

> DSCN1841, DSCN1899, DSCN1919, DSCN1927, DSCN1928, DSCN1931, DSCN1934, 4855624, 4855610-614, 001039, 001045

Although these images may show nude minors in various disturbing situations, they do not meet the legal definition of "sexually explicit conduct" established by Congress.[1] It is respectfully submitted that because these images do not constitute evidence of a crime they are not admissible under the Federal Rules Evidence because they are not relevant to the crimes charged in violation of Rule 402, they do not meet any exception to Rule 404(b) and are clearly more prejudicial than probative under Rule 403.

## II. Argument

Count 1 alleges that the Defendant sent an email on April 5, 2003, which attached files containing four images of child pornography. The four images appear to be of the same nude female child. In three of the images the child's genitals are displayed and in one image a "sex toy" is displayed. In a report describing the images, the Government's expert Nuygen describes the images as "child exploitation" not child pornography as described in the Second Superceding

---

[1] At the time of the filing of the instant motion the Government has not designated what other images it will offer at trial. At the Pretrial Conference held on February 14, 2006, the Government represented to the Court that there were approximately 30 additional images. The Defendant reserve the right to object to the introduction of those images on similar grounds.

Indictment or other portions of the report. Further, S/A Paul Hartigan testified at a hearing on February 24, 2004, that the four images attached were of a girl nude. The other images set forth above are similarly devoid of "sexually explicit conduct".

In order to convict the Defendant of any of the crimes charged in the Second Superceding Indictment the Government must prove that the images depict a "minor engaging in sexually explicit conduct." 18 U.S.C. §2252 (a)(1)(A). "Sexually explicit conduct" is defined in 18 U.S.C. §2256 (2)(A) as:

> (i) Sexual intercourse…between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person.

For the purposes of the instant images subparagraph (v) above is the only potentially applicable description. However, the First Circuit has adopted the following factors to guide the inquiry as to whether lascivious exhibition exists:

1. whether the genitals or pubic area are the focal point of the image;
2. whether the setting of the image is sexually suggestive (i.e., a location generally associated with sexual activity) ;
3. whether the child is depicted in an unnatural pose or inappropriate attire considering her age;
4. whether the child is fully or partially clothed, or nude;
5. whether the image suggests sexual coyness or willingness to engage in sexual activity; and
6. whether the image is intended or designed to elicit a sexual response in the viewer.

*United States v. Brunette*, 256 F. 3d 14, 18 (1st Cir. 2001); *United States v. Amirault*, 173 F. 3d 28, 31-32 (1st Cir. 1999).

Because none of the images in question meet this strict criteria their admission at trial will only serve to confuse the issues and inflame the jury.  More importantly, the images are not relevant under Rule 402 because it is not illegal to possess them.  Nonetheless, the alleged possession of these images by the Defendant is clearly other crimes, wrongs or acts evidence precluded by Rule 404(b).  Lastly, any probative value of the images is outweighed by the prejudicial impact they will have on the jury and the likelihood that the jury will be confused or misled by their introduction.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to preclude the introduction of the foregoing images at trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 18h day of February, 2006, a copy of the foregoing motion was served electronically and by e-mail upon Sherri Stephan, U.S. Department of Justice Child Exploitation and Obscenity Section 1400 New York Avenue NW, 6th Floor, Washington, DC 20005  and upon Dana Gershengorn, AUSA, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire