UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CASE NO. 04CR10217GAO |
| v. | ) ) |  |
| DARREN F. WILDER | ) ) |  |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY
OF GOVERNMENT'S EXPERT WITNESSES**

NOW COMES the Defendant, Darren Wilder, through counsel, and respect fully moves this Honorable Court to preclude the Government from calling its so-called expert witnesses at trial. In support thereof, counsel states the following:

### I. Introduction[1]

The Government has identified three experts it intends to call as witnesses in the instant case. It proposes to call Thomas Musheno, an employee of the FBI, who will testify as to whether the images depict real children. Similarly, the Government will call Dr. Celeste Wilson, a pediatrician who proposes to testify that the images depict real children and their ages. The Government will also call Lam Nguyen, a Department of Justice Employee who proposes to testify that the Defendant's computer activities indicate that he "knowingly" received, possessed and transported the images. However, it is respectfully submitted that the proposed areas of testimony violate the Federal Rules of Evidence, Rules 702, 703 and 704..

### II. Argument

---

[1] The Defendant has also filed a Motion to preclude the Government from offering any expert opinion or evidence regarding the EnCase forensic software under Rule 702, 703 and 704.

Pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. V. Carmichael*, 119 S.Ct. 1167 (1999), the Supreme Court charged trial judges with the responsibility as gatekeepers to exclude unreliable expert testimony. Fed.R.Evid. 702 (Advisory Committee Notes, 2000 Amendments). Under the revised version of Rule 702, expert testimony is only admissible if it will assist the trier of fact to understand evidence or determine a fact in issue and is rendered as an opinion by "an expert by knowledge, skill, experience, training, or education" if:

1. the testimony is based upon sufficient facts or data,
2. the testimony is the product of reliable principles and methods, and
3. the witness has applied the principles and methods, reliably to the facts of the case.

*Id.*

Additionally, in *United States v. Hilton,* 363 F.3d 58, 65-66 (1st Cir. 2004), the United States Court of Appeals for the First Circuit held that it was insufficient for the Government to offer the testimony of a pediatrician as to the age of children depicted in images. The Court held that the Government must establish the images are of real children and that the images were not "morphed" using adult bodies with children's heads or virtual bodies. *Id.* at fn. 8.

To cure this evidentiary conundrum, the Government has invented a three-fold process which has not been subjected to any *Daubert* analysis nor is it accepted or reliable in the scientific community. First, it seeks to introduce the testimony of Thomas Musheno to testify that he uses a checklist and his eyeballs to determine whether images are real or morphed.. Second, the Government proposes to introduce the testimony of Dr. Wilson who will testify as to

the ages of the children.   Third, both witnesses will then testify that the children must be "real". This "process" does little to satisfy *Daubert* or *Hilton*.  If expert qualification were as simple as inventing a checklist and using it to render an opinion, very little evidence would not meet *Daubert*'s exacting standards.  Musheno's checklist constitutes data under Rule 703 and cannot form the basis for admission where it is not reasonably relied upon in the industry.  While Musheno may be qualified to discuss the process of computer imagery and his observations of characteristics in the images, his conclusion that the images are of "real" children is beyond his expertise in violation of Rules 702 and 703.

Similarly, Dr. Wilson may be able to testify as to her observations of the children depicted in the images, but cannot testify as to whether they are real.  Unlike Musheno, she has no training in computer graphics and cannot testify that the images are not morphed or are of virtual children.  Therefore, her prospective testimony violates Rules 702 and 703.

Furthermore, the testimony of Lam Nguyen violates Rule 704(b) because he proposes to testify directly about the Defendant's state of mind that he "knowingly received, possessed and transported child pornography".  Rule 704(b) prohibits an expert from testifying with respect to the mental state of a defendant in a criminal case that the defendant possessed the mental state constituting an element of the crime.  Accordingly, Nguyen must be precluded from testifying that the Defendant "knew" that he received, possessed and/or transmitted child pornography.

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to preclude the testimony of the Government's expert witnesses.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 20h day of February, 2006, a copy of the foregoing motion was served electronically upon Sherri Stephan, U.S. Department of Justice Child Exploitation and Obscenity Section 1400 New York Avenue NW, 6th Floor, Washington, DC 20005 and upon Dana Gershengorn, AUSA, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

4