```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
        v.                  )    Criminal No. 04-10217-GAO
                            )
DARREN WILDER               )
                            )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The defendant, Darren Wilder, is charged with transporting, receiving and possessing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252. Defendant now seeks to exclude four of these images on the ground that they do not meet the "lascivious exhibition" component of the statutory definition of child pornography as a matter of law - in other words, that no reasonable juror could find the images to depict a lascivious exhibition of the genitals. In the alternative, the defendant seeks severance of the transportation count. Finally, the defendant seeks a ruling that the mandatory minimum sentences set forth in the statute for repeat offenders violate the Eighth Amendment. For the reasons set forth below, the defendant's motion should be denied.

**Argument**

I. <u>**A Reasonable Jury Could Find The Four Images Named In The Transportation Court Of The Indictment To be lascivious**</u>.

The defendant is charged with transporting visual depictions of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. §2256.  "Sexually explicit conduct" includes masturbation and the "lascivious exhibition of the genitals or pubic area."[1] The images at issue feature a young, nearly naked girl deliberately posed in partially reclining and provocative positions that place her pubic area in the foreground of the pictures; in some she is holding a replica male penis.  Although a simple examination of the images would necessarily lead to the conclusion that they clearly satisfy the test for lasciviousness adopted by the First Circuit in <u>United States v. Amirault</u>, 173 F.3d 28, 32 (1st Cir.  1999), the government will briefly outline the particulars below.

In determining whether an image depicts a lascivious exhibition of the genitals, courts in this and other circuits consider the following factors, commonly referred to as the "Dost" factors:

> (1)  whether the focal point of the

---

[1]The term "sexually explicit conduct" also includes other conduct (*i.e.*, sexual intercourse, bestiality, and sadistic or masochistic abuse) that is not relevant to this case.  18 U.S.C. §2256(2)(A)(i)-(iv).

>               image is on the child's genitals or
>               pubic area;
>
>     (2)       whether the setting of the image is
>               sexually suggestive;
>
>     (3)       whether the child is depicted in an
>               unnatural pose, or in inappropriate
>               attire, considering the age of the
>               child;
>
>     (4)       whether the child is fully or
>               partially clothed, or nude;
>
>     (5)       whether the image suggests sexual
>               coyness or a willingness to engage
>               in sexual activity;[2]
>
>     (6)       whether the image is intended or
>               designed to elicit a sexual
>               response in the viewer.

These factors had first been articulated in United States v. Dost, 636 F.Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom.*, United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir.1987), and adopted by this Court in United States v. Amirault, 173 F.3d 28, 32 (1st Cir. 1999). Specifically, the Amirault Court found that the "Dost factors are generally relevant and provide some guidance" in evaluating whether an image is lascivious, although they are "not exhaustive: other factors may be relevant,

---

[2] Recognizing that a young child is generally unable to suggest sexual coyness, the Dost court emphasized focusing on the image as a whole. Dost, 636 F.Supp. at 832. *See also* Wiegand, 812 F.2d at 1244 ("In the context of the statute applied to the conduct of children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or other like-minded pedophiles.").

depending upon the particular circumstances involved." 173 F.3d at 31. If any reasonable juror could find the images at issue to depict a lascivious exhibition of the genitals, the defendant's motion must be denied.

The defendant cites the relevant <u>Dost</u> factors and summarily states that "Clearly the images [d]o not meet the [<u>Dost</u>] factors and, therefore, count 1 must be dismissed." The defendant's conclusion, that no reasonable juror could find the images at issue to depict sexually explicit conduct, is simply unsupported by the images themselves.

    a. **Exhibit 1**. This image depicts a child under the age of 12, dressed only in thigh-high stockings with a garter, a maid's cap, and a dog collar necklace. Her entire torso, including her vaginal area, is naked. She is sitting upright on a couch with her knees bent, holding the back of her thighs. Her vaginal area is not only exposed, but also open, revealing her clitoris and anus. An analysis of this image shows that it meets all of the <u>Dost</u> factors. First, a reasonable person could conclude that the pubic area is the focal point of this picture. The pubic area of the child in Exhibit 1 is almost dead-center in the image. A reasonable jury could also conclude that the setting, a red velvet couch, is sexually suggestive. A reasonable jury, moreover, would conclude that the child is in an unnatural pose; at short, she's in "an unusual pose . . . that an ordinary child

4

would not normally assume but for adult coaching." Dost, 636 F.Supp. at 833. The child is both naked (in the vaginal and torso areas), and inappropriately clothed (in the high stockings, maid cap and collar).

The image in this picture is sexually suggestive and clearly designed to elicit sexual arousal. Despite the unnatural dress and pose, the child is forced to look directly into the camera, connecting with the viewer. This image plainly satisfies the test adopted by this Court in Amirault.

    **b.** **Exhibit 2**. This image depicts the same child as described in Exhibit 1, dressed in the same manner, wearing bright pink lipstick. In this image, however, the child is sitting upright with her legs together, her vaginal area exposed, and she is holding a dildo in the shape of a large male penis. She is looking directly into the camera and half-smiling.

A reasonable juror could certainly conclude that all of the Dost factors are present and that the image constitutes a lascivious exhibition of the genitals or pubic area. First, the pubic area is, second to the male penis, the focal point of the image. The child is again sitting on the red velvet couch and is in an unnatural pose (holding the male penis) and inappropriate attire (the maid outfit). The image can only be seen as suggesting sexual coyness and a willingness to engage in sexual activity. The suggestiveness of the image is heightened by the

girl's direct eye contact with the camera, smiling at the viewer and touching the penis with her index finger. *Cf.* Dost, 636 F.Supp. at 833 (describing as a "sexually coy attitude" the way the subject "star[es] directly at the camera with her head slightly bent to one side."). The sexual nature of this image is simply indisputable.

    c.    **Exhibit 3**. Exhibit 3 is a picture of the same child described above, dressed the same as above. In this image, however, the child's legs are bent and spread, and she is inserting the penis into her open vagina. She is looking directly into the camera and smiling.

Again, this image meets all the Dost Factors. The open vagina with the penis inserted is clearly the focal point of the image; the child is on the same red couch, she is, by definition, in an inappropriate pose given her age; her vaginal area is naked and spread, and the image clearly suggests a willingness to engage in sexual activity and is designed to elicit a sexual response in the viewer.[3]

    d.    **Exhibit 4**. Exhibit 4 is a picture of the same child described above, dressed the same as above. In this image the child is lying back on a bed, with her legs spread, her feet planted on the bed, and she is thrusting her hips toward the sky.

---

[3] This image also qualifies as sexually explicit conduct under the definitional prong of "masturbation."

She is looking directly into the camera and smiling.

As with all the other images, this image meets all the Dost factors.  The vagina is clearly the focal point of the picture, emphasized by the child's thrusting her hips upward.  The child is now posed on a bed - clearly a location generally associated with sexual activity - and she is in an inappropriate pose and in inappropriate attire.  The image suggests sexual coyness, and is clearly designed to elicit a sexual response in the viewer.

There is nothing innocent about these three pictures.  They are not clinical depictions of a child's anatomy, see United States v. Kemmerling, 285 F.3d 644, 646 (8th Cir. 2002), "[t]hey do not appear to be bona fide artistic expression, nor do they depict a family setting where exposure of the genitals was incident to an innocuous activity such as swimming or horseplay," United States v. Hill, 322 F. Supp. 2d 1081, 1087 (C.D. Cal. 2004), and they do not represent benign pictures of children innocently playing on a beach.  Amirault, 173 F.3d at 30. The images gratuitously display the child's vagina and the only reasonable explanation for them is pornographic.  See United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999)("when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response from the viewer, the depiction is lascivious.")  Defendant's claim to the contrary

7

simply defies credibility.

## II. Severance of Count One Is Inappropriate

Unencumbered by legal support, the defendant claims that severance of the transportation charge from the receipt and possession charges is warranted due to the possibility of "incompatible defenses." Offenses which are of the same or similar character, or which are connected with or constitute parts of a common scheme or plan, should be joined. See Fed. R. Crim. P. 8(a). The provision of Rule 8(a) "is generously construed in favor of joinder." United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996). In addition, "similar" does not mean identical, and [the court] should assess similarity in terms of how the government saw its case at the time of indictment." United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002). To prove a need for severance, the defendant must make a "strong showing of prejudice." United States v. Arruda, 715 F.2d 671, 679 (1st Cir. 1983).

In this case, count one charges the defendant with transportation of child pornography, and counts 2 and 3 charge receipt and possession of child pornography. The nature of the counts are similar and involve a consistent pattern by the defendant evidencing his interest in and knowing interaction with, child pornography.

Defendant claims that severance is required under Rule 14(a)

because he will be required to advance "inconsistent theories" if the counts are tried together. However, the defendant has failed to prove either that the defenses are in fact incompatible, or that he will suffer severe prejudice if the counts are tried together. The defendant's proposed argument, that the images in count 1 are not child pornography, in no way contradicts the argument he advances for the remaining counts: that he did not receive or possess the charged images. At best, defendant's theories are merely different, and defenses that are "merely different" do not warrant severance. See United States v. Rigers, 121 F.3d 12, 16 (1st Cir. 1997)(defenses that are not antagonistic, but merely different do not warrant severance). Indeed, "antagonism of defenses requires severance only where the defenses are so inconsistent that the jury would have to believe one [] at the expense of the other." Arruda, 715 F.2d at 679. Because the defendant has failed to make any showing of prejudice, or even that his alleged defenses are incompatible, his request for severance should be denied.[4]

### III. **The Mandatory Minimum Sentences For Second Offense Receipt and Possession of Child Pornography Do Not Violate the Eighth Amendment.**

The defendant claims that the mandatory minimums for second

---

[4] Severance is especially inappropriate where, as here, the government would be seeking to put on evidence of the transportation of child pornography in support of the knowing receipt and possession of child pornography charges.

offense possession and receipt of child pornography constitute cruel and unusual punishment, and therefore violate the Eighth Amendment. It is well settled that there is no constitutional right, in non-capitol cases, to individualized sentences. Legislatures are free to mandate minimum sentences for particular crimes if they so choose. Harmelin v. Michigan, 501 U.S. 957, 996-997 (1991) (refusing to extend individualized sentencing outside the context of capitol cases). See United States v. Saccoccia, 58 F.3d 754, 789 (1st Cir. 1995))(the use of severe penalties as part of the legislative armamentarium does not constitute cruel and unusual punishment). The First Circuit and others have recognized that the authority to fix punishments for non-capitol offenses rests with the legislature. See United States v. Campusano, 947 F.2d. 1, 4 (1991); United States v. Goodface, 835 F.2d 1233, 1236 (8th Cir. 1987). Moreover, "the mere fact that a sentence is mandatory and severe does not make it cruel and unusual within the meaning of the Eighth Amendment." Campusano, 947 F.2d at 4.

    The legislature's determination that a repeat offender in the child exploitation arena deserves a significant penalty is certainly justified; as the courts have found, the people who support the child pornography market, through receipt and distribution of the images, continue to actively victimize the children depicted in those images. See United States v. Harvey,

2 F.3d 1318 (3rd Cir. 1993) (Possession of child pornography is not a victimless crime); United States v. Rugh, 968 F.2d 750 (8th Cir. 1992) (the primary victim in a child pornography offense is the child depicted); United States v. McIntosh, 216 F.3d 1251 (11th Cir. 2000) (defendant's distribution of child pornography victimizes each child separately).  The mandatory minimum sentence in the present case is a weapon wielded by Congress to "dry up the market for [child pornography] by imposing severe criminal penalties" at all levels of the market chain.  House Conference Report, 108-66, quoting New York v. Ferber, 458 U.S. 747, 757 (1982).  Defendant's claim otherwise must fail.[5]

---

[5] Defendant's claim is particularly unpersuasive given that the 15 year sentence required by the statute falls squarely within the guideline range he would be subject to given his likely base offense level, enhancements and criminal history category.

11

## Conclusion

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's Motion to Dismiss.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Dana Gershengorn
DANA GERSHENGORN
Assistant U.S. Attorney
SHERRI STEPHAN
Trial Attorney
U.S. Department of Justice
