IN THE UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
        Plaintiff                )
                                 )    Criminal No. 04-10217-GAO
        v.                       )
                                 )
DARREN F. WILDER                 )
                                 )
        Defendant                )
_____


**GOVERNMENT'S OPPOSITION TO DEFENDANT'S  MOTION IN LIMINE TO PRECLUDE IMAGES**

The United States of America, by and through its counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts, Assistant United States Attorney Dana Gershengorn and Sherri A. Stephan, Trial Attorney, United States Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, hereby files this opposition to defendant's Motion In Limine to Preclude the Government From Introducing Evidence of images allegedly obtained from the Defendant's Computer Which Do Not Depict Minors Engaged in Sexually Explicit Conduct as defined in 18 U.S.C. §2256.

**I.   PRELIMINARY STATEMENT**

The defendant in the above referenced matter seeks to preclude the government from introducing at trial images which the defendant claims do not depict minors engaged in sexually explicit conduct.  Specifically, the defendant seeks to exclude

all the images listed in every count of the indictment as not depicting sexually explicit conduct as defined by 18 U.S.C. §2256. In addition, the defendant seeks to preclude the introduction of other images recovered from the defendant's computer which contain child pornography or child erotica.[1] Because all of the charged images clearly depict sexually explicit conduct, and because any other images the government seeks to introduce are both necessarily inextricably intertwined with the defendant's transportation, receipt and possession of child pornography, and evidence of the defendant's knowledge, intent and lack of mistake, the defendant's motion should be denied.

## II. ARGUMENT

A. The Images Charged in Count One of the Indictment Depict Sexually Explicit Conduct.

As he did in his previously filed motion to dismiss, defendant now claims again that the images charged in count one of the indictment do not depict sexually explicit conduct, as

---

[1] The term "child erotica" is commonly understood to mean "any material, relating to children, that serves a sexual purpose for a given individual." See Kenneth V. Lanning, Child Molesters: A Behavioral Analysis (2001) at 65. Some of the more common types of child erotica include photographs that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids. Federal courts have recognized the evidentiary value of child erotica and its admissibility in child pornography cases. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991) (testimony about pedophiles deriving sexual satisfaction from and collecting non-sexual photographs of children admissible to show intent and explain actions of defendant)

that term is defined in 18 U.S.C. §2256. That the images clearly meet the definition of sexually explicit conduct is apparent from even a cursory viewing of the four images at issue, and the government incorporates herein its previously filed opposition to defendant's motion to dismiss, as well as the relevant images which were previously filed as Exhibits under seal.

B.   The Images Charged in Counts Two And Three of the Indictment Depict Sexually Explicit Conduct.

Without addressing the application of the relevant factors to the images at issue, the defendant summarily states that none of the images listed in the indictment qualify as depicting sexually explicit conduct as that term is defined in 18 U.S.C. §2256. As with the images listed in count one, the images in counts two and three of the indictment clearly meet <u>all</u> of the factors for determining whether an image depicts sexually explicit conduct set forth in <u>United States v. Dost</u>, 656 F.Supp. 828, 832 (S.D.Cal 1986) and adopted by the First Circuit in <u>United States v. Amirault</u>, 173 F.3d 28, 32 (1st Cir. 1999). In an effort, therefore, to make the most efficient use of the Court's resources, the United States hereby submits copies of all the images challenged by the defendant in his motion, under seal. In the event that the Court believes that no reasonable jury could find that any one or more of the images depicts sexually explicit conduct, the government requests a hearing on that image and an opportunity to be heard.

C.  <u>Other Images of Child Pornography Are Properly Admitted as Substantive Evidence</u>

The defendant was charged in counts two and three of the indictment with knowingly receiving and possessing child pornography. In the indictment, the government provided <u>examples</u> of images that the defendant had knowingly received and/or possessed. The provision of those image names, however, in no way limits the government's evidence that other images found on the defendant's computer were also knowingly received and possessed. The indictment, which placed the defendant on notice, clearly stated: "Including *but not limited to* [the following example images]." (Emphasis added).  Despite the extensive history of this case, at no time prior to the final pre-trial conference did the defendant request a bill of particulars.

As noted at the conference, it is not the government's intention to introduce voluminous amounts of images in this case in it's case-in-chief. The government estimated to the Court that it would be seeking to include only about 30 images in addition to the images listed within the indictment.  There is no question but that the defendant is criminally responsible for each and every one of those images of child pornography that the government can prove beyond a reasonable doubt he knowingly received or possessed.  As such, they are the substantive evidence of the crime charged, and should be allowed.

D.   <u>Other Images of Child Pornography or Child Erotica Are Also Properly Admitted as Relevant Evidence.</u>

Pursuant to Federal Rule of Evidence 402, "all relevant evidence is admissible." Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." F.R.E. 401.  All relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice..." F.R.E. 403.

The government's evidence in this case will show that the defendant "collected" child pornography in a unique manner. Specifically, the evidence will show that the defendant used his computer to continually automatically download sexual images of children from newsgroups for his personal viewing, after which the defendant would delete the images and await the next downloaded group.  Evidence from the defendant's computer revealed that over the course of seven months, the defendant downloaded from newsgroups approximately 10,000 images of child erotica and child pornography. The vast majority of these images were subsequently deleted, as more images continued to be downloaded.  In this way, the defendant was able to maintain a constant supply of new images of children, while generally avoiding the action that had resulted in his prior conviction: the actual physical possession of any of the images.  At the time the computer was seized from law enforcement, approximately 10%

5

of the child erotica and child pornography consisted of "active" images; the others had been deleted periodically over time.  The government now seeks to introduce a minute fraction of those additional images (approximately 30 images in total) as evidence in its case-in-chief.

    The additional images of child pornography and child erotica recovered from the defendant's computer in this case are admissible as direct evidence of the substantive crimes charged against him. At trial, the government must prove that the defendant knowingly transported, received and possessed child pornography. The additional images of child pornography and child erotica recovered from the computer are inextricably intertwined with the images charged in the indictment and make it more likely that the defendant knowingly received and possessed child pornography. The government's theory at trial will be that the defendant went to newsgroups that he knew contained sexual images of children, and essentially pulled down the entire content looking for images of child pornography.  The additional images the government seeks to introduce are necessarily part and parcel of this course of conduct.  Evidence which is probative of the crime charged, and not solely uncharged crimes, is not 'other crimes' evidence.  Where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated." <u>United States v.</u>

6

McCann, 366 F.3d 46 , 54 (1st Cir. 2004) (reversed and remanded pursuant to Booker v. Washington, 543 U.S. 220 (2005)).

Moreover, the images are an essential piece of the overall story of the defendant's actions. The images of child erotica and child pornography are commingled on the defendant's computer, because they were often downloaded and deleted together and in bulk. Omitting the uncharged images entirely would portray a false context for the charged images.[2] In addition, the images are necessary in order to provide the jury with a complete picture of the defendant's conduct, something the government is absolutely entitled to do. "Evidence of prior conduct is admissible to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." United States v. D'Alora, 585 F.2d 16, 20 (1st Cir. 1978).

In his expert disclosure to the government, the defendant has submitted notice that his expert will provide evidence in support of a defense of lack of knowledge or mistake. Given this anticipated defense, the admission of the other images recovered from the defendant's computer are especially relevant and probative; without them, the jury might have the mis-impression that the acts charged against the defendant existed in isolation.

---

[2] The fact that some of the images may be protected by the First Amendment does not make them less relevant - certainly the defendant can not be suggesting that the government is limited in its presentation of evidence to only those acts that are by their very nature themselves illegal.

E.   <u>The Images Are Appropriate Evidence Pursuant To F.R.E. 404(b)</u>.

Even if the images are not independently admissible as "part and parcel" of the charged offense, they nonetheless are admissible under F.R.E. 404(b). Federal Rule of Evidence 404(b) provides for the introduction of other-act evidence for purposes including knowledge, intent, motive and opportunity. <u>United States v. Tavares</u>, 427 F. 3d 122, 125 (1st Cir. 2005). Here, the government seeks to include additional images of child pornography and child erotica in order to show the defendant's knowledge and lack of mistake. The images at issue are linked to the defendant's actions of downloading and deleting sexually explicit images of children, they share creation dates and other properties close in time to the charged images, and they help to negate any claim by the defendant that the images charged in the indictment were "accidentally" placed on his computer. When, as here, "the linked [evidence] occurs close in time, and is highly relevant, to the charged conduct, the argument for admissibility is powerful." <u>United States v. Rodriguez-Estrada</u>, 877 F.2d 153, 156 (1st Cir. 1989). Other courts have found the same in similar cases. <u>See</u>, <u>e.g.</u>, <u>United States v. Dornhofer</u>, 859 F.2d 1195, 1199 (4th Cir. 1988) (upholding admission of child erotica in child pornography case as evidence of defendant's predisposition towards child pornography and his lack of mistake); <u>United States v. Caldwell</u>, 181 F.3d 104, *7 (6th Cir. 1999) (unpublished)

(evidence of child erotica in child pornography case admissible both as inextricably intertwined evidence, and in the alternative under 404(b));  United States v. Riccardi, 258 F.supp.2d 1212,1234-35 (D.Kan 2003)(finding admission of child erotica images appropriate in child pornography case because the images made it likely that the defendant knowingly possessed the charged child pornography).  Given that the defendant in this case has expressly stated that his expert will opine on the defendant's lack of knowledge, this evidence supporting his knowledge is crucial.

F.   Any Alleged Prejudice Resulting from the Admission of These Images will Not Substantially Outweigh their Probative Value.

Whether the images are admissible as evidence inextricably intertwined with the defendant's other conduct, or as evidence showing knowledge, intent and lack of mistake, the images are not so prejudicial as to require their exclusion under Federal Rule of Evidence 403.  The First Circuit has defined the test for exclusion under Rule 403 as "whether unfair prejudice substantially outweighs its probative value." United States v. Hopkins, 492 F.2d 1041, 1043 (1st Cir. 1974). That evidence helps the prosecution and hurts the defendant does not warrant exclusion. "By design, all evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." Rodriguez-Estrada, 877 F.2d at 156.

9

The defendant in his motion provides no support for a claim that the images he seeks to exclude would result in unfair prejudice to him. Indeed, given the extremely sexual nature of the images charged in the indictment, it is hard to imagine how any images of child <u>erotica</u> could be seen as prejudicial in this case. In addition, although the government was able to recover literally thousands of sexual images of children, it is seeking to physically introduce at trial only a minute fraction of those images. Given the probative value evidenced above, and the minimal prejudice, if any, the inclusion of these images will incur, the defendant cannot show that an unfair prejudice will substantially outweigh the probative value of these images.

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court deny defendant's Motion In Limine to Preclude the Government From Introducing Evidence of images allegedly obtained from the Defendant's Computer Which Do Not Depict Minors Engaged in Sexually Explicit Conduct as defined in 18 U.S.C. §2256.

                                                Respectfully submitted
                                                For the United States

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                                                By:/s/Dana Gershengorn
                                                DANA GERSHENGORN
                                                Assistant U.S. Attorney
                                                617-748-3120
                                                SHERRI STEPHAN
                                                Trial Attorney
                                                U.S. Department of Justice
                                                202-353-4438
Dated: March 3, 2006