```
              IN THE UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
UNITED STATES OF AMERICA      )
                              )
        Plaintiff             )
                              )    Criminal No. 04-10217-GAO
        v.                    )
                              )
DARREN F. WILDER              )
                              )
        Defendant             )
_____)
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S  MOTION TO CONTINUE TRIAL**

The United States of America, by and through its counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts, Assistant United States Attorney Dana Gershengorn and Sherri A. Stephan, Trial Attorney, United States Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, hereby files this opposition to defendant's motion to continue the trial date in the above referenced matter, or, in the alternative, to conduct a detailed *voir dire* regarding a recent media article regarding child exploitation.

## I.   PRELIMINARY STATEMENT

The defendant seeks to continue the trial in the above case, presently scheduled for March 13, 2006, or to conduct a voir dire regarding an article recently published in Parade magazine about child exploitation.  In support of his motion, defendant claims that prospective jurors will "erroneously conclude that the penalties for child pornography are not severe enough and that

1

the problem is pervasive." Without providing any support or evidence for the assertion, defendant then claims that the article undermines potential defenses in his case.

## II. ARGUMENT

The United States objects to any continuance of this trial. Defendant has not shown any need for such a continuance other than his bare assertion that potential jurors might be affected by an article that, by the time of trial, will be one month old. In addition, this Court has the ability to instruct the jurors that nothing they see or hear outside of the courtroom can be considered in their deliberations. The courts presume that sworn conscientious jurors follow the instructions of the trial court. See United States v. Freeman, 208 F.3d 332, 344 (1st Cir. 2000)(Jurors are presumed to follow the court's instructions).

In the alternative, the United States requests that this Court inquire of the jurors whether anything they have read or heard outside of the courtroom would affect their ability to follow the Court's instructions and perform their duties as impartial jurors. Such a question, routinely given by judges, will suffice to identify any jurors who might have preconceived notions about the defendant's case that they are unable to disregard.

### III. CONCLUSION

For the above reasons, the United States respectfully requests that this Court deny Defendant's motion to continue the trial date in this matter.

Respectfully submitted
For the United States

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Dana Gershengorn
DANA GERSHENGORN
Assistant U.S. Attorney
617-748-3120
SHERRI STEPHAN
Trial Attorney
U.S. Department of Justice
202-353-4438

Dated: March 3, 2006