```
              IN THE UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
        Plaintiff              )
                               )   Criminal No. 04-10217-GAO
        v.                     )
                               )
DARREN F. WILDER               )
                               )
        Defendant              )
_____
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING E-MAIL EVIDENCE

The United States of America, by and through its counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts, Assistant United States Attorney Dana Gershengorn and Sherri A. Stephan, Trial Attorney, United States Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, hereby files this opposition to defendant's motion *in limine* regarding E-Mail evidence.

### I.  PRELIMINARY STATEMENT

The defendant has filed a motion *in limine* seeking to have this Court review in advance all electronic correspondence the government intends to introduce as evidence in its case in chief in the above referenced case. As reasons therefore, the defendant states that the government is "not in possession of the original emails," and that therefore issues of authentication, hearsay, completeness and prejudice may arise.

1

## II. ARGUMENT

The United States objects to a preliminary review of the correspondence in question, in so far as the defendant appears to be requesting some type of hearing on each of the items. Certainly the Court can address any objections that the defendant raises to the introduction of evidence at the time the evidence is presented. The defendant has cited no basis for a claim that a preliminary review is necessary or appropriate, other than the assertion that the government is not in possession of the "original" email. In fact, the government is in possession of the "original" emails, as that term is defined in Federal Rule of Evidence 1001(3): "If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."[1] In any event, the government will only seek to introduce into evidence communications which it can authenticate pursuant to F.R.E. 901(a), and which are either non-hearsay, or contain statements which fall under an exception to Federal Rule of Evidence 801. The United States is aware of its obligations under the Federal

---

[1] The defendant appears to be claiming that the Encase review of the defendant's computer may have affected the contents of the computer. However, despite the fact that the defendant was given the opportunity to view a non-Encase image of the defendant's hard-drive, he has failed to provide any evidence or substantiated allegation that the electronic communications to be submitted by the government are anything other than what the government purports them to be.

Rules of Evidence and suggests that this Court can well fulfill its responsibility to determine the admissibility of the evidence at the time it is introduced.

### III. CONCLUSION

Because the defendant has produced no evidence to support his claim that a preliminary review of the government's evidence in this case is warranted, the United States respectfully requests that this Court deny Defendant's motion that the Court review in advance of trial all electronic communications the government will seek to introduce at trial.

          Respectfully submitted
          For the United States

          MICHAEL J. SULLIVAN
          United States Attorney

          By: /s/Dana Gershengorn
          DANA GERSHENGORN
          Assistant U.S. Attorney
          617-748-3120
          SHERRI STEPHAN
          Trial Attorney
          U.S. Department of Justice
          202-353-4438

Dated: March 3, 2006