IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          Plaintiff            )
                               )     Criminal No. 04-10217-GAO
          v.                   )
                               )
DARREN F. WILDER               )
                               )
          Defendant            )
_____)


### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTION, INTERNET SUBSCRIPTIONS, INTERNET LOGS AND PROGRAMS INSTALLED ON THE DEFENDANT'S COMPUTER

The United States of America, by and through its counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts, Assistant United States Attorney Dana Gershengorn and Sherri A. Stephan, Trial Attorney, United States Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, hereby files this opposition to Defendant's motion *in limine* seeking to exclude evidence of Defendant's prior conviction and Internet activities.

### I.       PRELIMINARY STATEMENT

The Defendant, Darren Wilder, is charged with transporting, receiving and possessing visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252.  Defendant now seeks to exclude evidence of his prior conviction for possession of child

pornography, website membership subscriptions, logs of his
Internet activity and programs he installed on his computer.
For the reasons set forth below, the Defendant's motion has no
merit and should be denied in its entirety.

## II.    RELEVANT EVIDENCE ADMISSIBLE

The general rules for the admissibility of evidence is
governed by Federal Rules of Evidence, Rules 401, 402 and 403
which generally state that relevant evidence is that which has
the "tendency to make the existence of any fact that is of
consequence to the determination of the action more probable . .
. " and it is admissible providing its probative value is "not
substantially outweighed by the danger of unfair prejudice."  See
Fed.R.Evid. 401-403.

## III.    ARGUMENT

### A.    Defendant's prior conviction for possession of child pornography is admissible as probative evidence of Defendant's intent, knowledge, lack of mistake or accident and motive.

The Government has requested this Honorable Court admit
evidence at trial of Defendant's prior conviction in a separate
pleading filed on February 21, 2006, at docket number 64 and
hereby incorporated by reference.  The Government's position on
this issue is fully addressed in that pleading.

B.   **Evidence of Defendant's website membership subscriptions, logs of Defendant's Internet activities and programs installed on Defendant's computer are all relevant and probative of Defendant's actions in transporting, receiving and possessing child pornography and are therefore admissible as material evidence**.

Defendant seeks to exclude evidence of his computer activities that show his access to sexual images of children, the manner of his access, and/or the attempt thereof.  Defendant bases his argument to exclude on Federal Rules of Evidence 402 and 404(b) which pertain to the admissibility of Defendant's prior "bad acts."  Defendant's reliance on F.R.E. 404(b) is misguided, because the evidence Defendant seeks to exclude simply does not constitute prior bad act evidence.  Rather, it is "part and parcel" of Defendant's charged conduct.  "Rule 404(b) applies just to evidence of other bad acts or crimes-those other than the crime charged.  Where evidence of 'bad acts' is direct proof of the crime charged, Rule 404(b) is, of course, inapplicable." United States v. Tejada, 886 F.2d 483, 487 (1ˢᵗ Cir. 1989) (emphasis original), see also United States v. Arboleda, 929 F.2d 858 (1ˢᵗ Cir. 1991); and United States v. Nivica, 887 F.2d 1110, 1119 (1ˢᵗ Cir. 1989) ("Since the evidence was part and parcel of the charged offense, it was independently admissible . . . ")

1.   Websites

One broad category of evidence Defendant seeks to exclude is the evidence that the Defendant utilized websites as part of his

knowing receipt of child pornography.  For example, Defendant purchased a membership to a website called LustGallery[1] after seeing a preview page that explicitly offered access to child pornography.  It was this purchase that first brought him to the attention of law enforcement and that ultimately led to the execution of the search warrant on his residence.  The evidence of the Defendant's subscription to the website (consisting of records retrieved from his computer, his credit card bills, screen captures of the website during the time frame of Defendant's subscription, and deleted images on his computer) therefore not only provides the context for law enforcement's focus on the defendant and the resulting search that led to the seizure of the computer, but it is also probative of how Defendant *knowingly* transported, received and possessed images of children engaged in sexually explicit conduct; the Defendant

---

[1] Defendant claims that the "Government has conceded at least with respect to "Lust Galleries" that adult pornography was available on the website as well."  This is *absolutely false*.  LustGallery has been preserved by the Government on several occasions including immediately before Defendant's membership purchase and immediately after.  The website contains images of children engaged in sexually explicit conduct as well as child erotica.  The term "child erotica" is commonly understood to mean "any material, relating to children that serves a sexual purpose for a given individual."  See Kenneth V. Lanning, <u>Child Molesters: A Behavioral Analysis</u> (2001) at 65.  Some of the more common types of child erotica include photographs that are not sexually explicit.  Federal Courts have recognized that evidentiary value of child erotica and its admissibility in child pornography cases.  <u>United States v. Cross</u>, 928 F.2d 1030 (11th Cir. 1991) (testimony about pedophile deriving sexual satisfaction from collecting non-sexual photographs of children admissible to show intent and explain actions of defendant).

knowingly used his computer to obtain the sexual images of children.  See  United States v. McCann, 366 F.3d 46, 54 (1st Cir. 2005) (rev'd and remanded pursuant to Booker v. Washington, 543 U.S. 220 (2005)) (where evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated).

As another example of websites inextricably intertwined with the Defendant's crimes, Defendant seeks to exclude evidence that he requested a child pornography video from a website recovered from his computer called:  "WildOrchiday" during the same time frame he is alleged to have knowingly received and possessed child pornography.  Evidence seized from the computer proves that the Defendant requested a specific video from this website, which explicitly advertised videos of child pornography; one of the videos advertised was the one Defendant was requesting.  This evidence is crucial in proving  not only Defendant's knowledge of his general receipt and possession of child pornography, but his intent and interest in obtaining such material.

2.  Log Files

Defendant also seeks to exclude evidence in the form of all log files retrieved from his computer.  Log files are files automatically created and retained by a computer that "log" where a computer user has gone on the Internet, what the computer user has searched for and  viewed, and other activities of the user. The log files the government anticipates using in this case are

direct evidence both of Defendant's knowledge of particular images charged in the Indictment and his conduct in seeking out child pornography. For example, one of the logs the government will introduce is a log created by the computer showing that the user actually viewed one of the images charged in the Indictment - thus proving the user's knowledge of the existence of this image (a required element for the Government). This evidence is clearly linked to the Government's proof in such a way that it cannot be extricated. Another example of relevant log files the Defendant seeks to exclude are the log files listing the Defendant's DBX files. DBX files are files that relate to the computer user's use of email. In this case, the Defendant is charged with transporting images of child pornography by way of email. Certainly, therefore, the logs of his email activity are inherently intertwined with the criminal activity charged.

3.    <u>Installed Programs</u>

The final broad category of evidence Defendant seeks to exclude is evidence of programs installed on his computer. Once again, the programs installed on Defendant's computer are part and parcel of the evidence supporting the crimes charged. For instance, the Government will show that the defendant obtained his "collection" of child pornography through the use of Newsgroups. Thus, the evidence that Defendant installed the Newsgroup software "PixNewsPro" is inextricably intertwined with the Government's theory in this case. Likewise, the installation

of PixNewsPro in such a way as to automatically download images
from a particular Newsgroup is intertwined with how the Defendant
continued to maintain his collection while simultaneously
deleting images. See Id.  Similarly, evidence that defendant
installed a program to eliminate Internet evidence from his
computer is necessary to explain why such evidence could not be
found (it also provides direct and compelling evidence of
Defendant's knowledge that his activities were illegal).

All of the categories of evidence mentioned above are
essential to establishing the overall "story" of Defendant's
actions.  Omitting this type of evidence would portray a false
context of Defendant's criminal activity and leave blatant holes
in the presentation of the Government's case.   Because the
evidence is part and parcel of the substantive crimes, the
appropriate analysis for this Court is simply whether the
evidence at issue meets the standards set forth in Federal Rules
of Evidence 401, 402 and 403; *to wit*: whether the evidence is
relevant and whether its probative value is not *substantially*
outweighed by the danger of unfair prejudice.

C.    **Any alleged prejudice resulting from the admission of
      relevant computer activity evidence will not substantially
      outweigh its probative value**.

Relevant evidence may still be excluded if its probative
value is *substantially* outweighed by the danger of *unfair*
prejudice.  See Fed.R.Evid. 403; See also United States v.
Hopkins, 492 F.2d 1041, 1043 (1st Cir. 1974).  That evidence helps

the prosecution and hurts the Defendant does not warrant exclusion.  In addition, "[e]vidence that forms [an] 'integral and natural part of the witnesses's accounts of the circumstances surrounding the offenses for which the defendant was indicted' is admissible even if it tends to reflect negatively on the defendant's character."  United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989).

In his motion, Defendant fails to provide any support for a claim that the evidence he seeks to exclude would result in unfair prejudice to him; Defendant merely claims the evidence is prejudicial.  But, "by design, all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided." Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989).   Evidence that provides the context and background for the criminal behavior at issue and is probative of an element in dispute -- in this case whether Defendant acted knowingly - - can not be said to create a danger of unfair prejudice.  In addition, to the extent that Defendant expresses concern that some of the evidence retrieved from his computer indicates a simultaneous interest in adult pornography, the Government states that it does not intend to introduce any testimony related to adult pornography or Defendant's actions in seeking such materials.

D.    **Alternatively, the relevant computer activity evidence is admissible pursuant to Federal Rules of Evidence 404(b).**

Even if this Court should conclude that some or all of the evidence outlined above is not independently admissible as

"inextricably intertwined" with, and "part and parcel" of, the charged offenses, the evidence is nonetheless admissible under Federal Rule of Evidence 404(b).  Rule 404(b) provides for the introduction of other-act evidence for purposes including knowledge, intent, lack of mistake or accident and motive. United States v. Tavares, 427 F.3d 122, 125 (1st Cir. 2005).  At trial, the Government must prove that the Defendant acted **_knowingly_** when he transported, received and possessed images of children engaged in sexually explicit conduct, and the evidence Defendant seeks to exclude is the direct evidence of the requisite mens rea.

The compelling need for the evidence becomes even more obvious when considered in light of Defendant's expert witness disclosure.  Defendant notified the Government his expert will provide evidence in support of a defense of lack of knowledge or mistake.  Given this anticipated defense, the admission of the outlined evidence is especially relevant and probative.  As noted above, the evidence the Defendant seeks to exclude goes directly to the issue of his knowledge, intent and lack of mistake - the very issues Defendant indicates he plans to raise as a defense in this case.

## IV.    **CONCLUSION**

Based on the foregoing, evidence of Defendant's Internet activity clearly meets the standards for admissibility set forth in Federal Rules of Evidence 401, 402 and 403 and is therefore

admissible at Defendant's trial.

                              Respectfully submitted,
                              MICHAEL SULLIVAN
                              United States Attorney

                              By:/s/Dana Gershengorn
                              DANA GERSHENGORN
                              Assistant United States Attorney
                              617-748-3120
                              SHERRI A. STEPHAN
                              Trial Attorney, CEOS
                              U.S. Department of Justice
                              202-353-4438


Dated: March 3, 2006