UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                        )<br>)<br>DARREN F. WILDER          )<br>_____) | CASE NO. 04CR10217GAO |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)[1]**

By its *Motion in Limine*, the Government seeks to introduce evidence regarding the Defendant's prior conviction for possessing child pornography "including the underlying facts supporting his conviction". It is respectfully submitted that this evidence is inadmissable under Fed. R. Evid., Rules 402, 403 or 404(b). Because the prior conviction is not similar to the instant charges and because the Defendant will be convicted of the instant charges if his prior conviction is permitted to inflame the jury, this Court should deny the Government's Motion.

## I. PRELIMINARY STATEMENT

The is no similarity between the prior conviction and the instant allegations because the Defendant's state of mind was completely different. In the prior case the Defendant intentionally saved child pornography on computer disks which he stored in his desk. In the instant case, all of the child pornography allegedly retrieved by the Government from the Defendant's computer was deleted as soon as it was discovered showing that the Defendant did <u>not</u> intend to possess it and,

---

[1]The Defendant incorporates by reference the arguments set forth in his Motion in Limine Pursuant to Fed. R. Evid., Rules 402, 403, 404(b) and 609(a), to Exclude Evidence of Defendant's Prior Conviction, Internet Subscriptions, Internet Logs and Programs Installed on the Defendant's Computer and Incorporated Memorandum of Law.

in fact, took steps not to possess it.

## II. THE GOVERNMENT HAS MISSTATED THE FACTS SURROUNDING THE DEFENDANT'S PRIOR CONVICTION

The Government has omitted several important facts regarding the Defendant's prior conviction. Most importantly, the Defendant cooperated fully with the prior investigation. The Defendant was targeted after ordering a child pornography video tape response to an online solicitation from an undercover law enforcement officer. After ordering the video tape, the Defendant was then contacted by the undercover officer purportedly for the purpose of delivering the video tape at the Defendant's place of business. The Defendant met the undercover officer at his place of business at which time he was informed of the sting and was told that law enforcement had a warrant to seize his computer. The Defendant was never arrested.[2] The Defendant then traveled with the officer from his office to his condominium during which time the Defendant gave the officer permission to search his condominium and advised the officer that he possessed computer disks containing child pornography. The Defendant was present during the search of his condominium during which the computer disks were not located. After law enforcement officers failed to discover the disks during their search, the Defendant informed the officers voluntarily that the disks where in his desk drawer. The Defendant pleaded guilty to an information alleging possession of the child pornography on the disks and never seriously challenged the allegations. The Government misstated that Defendant had two computers in the prior case when in fact he only had one. The Government also misstated the Defendant's release date, which was November 1, 2002, and his age which is currently 35.

---

[2]In fact, the Defendant was never placed in handcuffs until he self-reported to F.C.I. Buckner following his Sentencing Hearing.

With respect to the new case, the Defendant has contested the Government's evidence at every stage of the instant proceedings by filing a lengthy suppression motion and at his multi-day supervised release revocation hearing before Judge Saris in 2004. The Defendant specifically denies that he made the incriminating statements to S/A Forgetta that are set forth on page 4 of the Government's *Motion in Limine*. The Defendant admits that he made certain statements to the law enforcement officers present, including S/A Forgetta, regarding his concerns about the content of his safe during the search of his residence on January 15, 2004. He also admits that he answered questions regarding timeshare documents which were found by law enforcement officers in the safe. He also admits that he made a statement to a law enforcement officer asking whether they were disappointed that they did not find anything in his residence or on his computer regarding child pornography. He did not make the statements set forth on page 4 of the Government's *Motion in Limine*.

### III. THERE IS NO SIMILARITY BETWEEN THE PRIOR CONVICTION AND THE INSTANT ALLEGATIONS

On page 9 of its Motion in Limine the Government sets forth alleged similarities between the prior conviction and the instant allegations. This comparison is completely erroneous. The following list more accurately reflects the differences between the two cases.

| Prior Conviction | Instant Allegations |
|---|---|
| • Child pornography saved on computer disks which he stored in his desk.<br>• Child pornography video ordered.<br>• No newsgroup software used.<br><br>• Specifically "clicked" on newsgroup child pornography images to download them to computer disks.<br><br>• Responded to law enforcement sting soliciting child pornography video.<br><br>• Purchased child pornography.<br>• Could view images through AOL without saving them on hard drive or disk. | • Child pornography deleted from computer when discovered.<br>• No child pornography video ordered<br>• Newsgroup software used to obtain images which were not child pornography.<br>• Specifically deleted images of child pornography which were automatically placed on his computer without his permission or knowledge.<br>• Responded to email from "Spring Begins" soliciting non-child pornography images.<br>• Did not purchase child pornography.<br>• Could not view without software un-encode newsgroup downloads. |

Most importantly, and as the above referenced chart indicates, the Defendant's entire state of mind was different in connection with the instant allegations than with respect to the prior conviction. His state of mind with respect to the instant allegations was **not** to possess any child pornography. In fact, all child pornography was deleted from his computer except for images which were sent pursuant to a Newsgroup download on January 13, 2004, which the Defendant did not know were on his computer and which he did not view or delete because the search warrant was executed on January 15, 2004. There is no evidence that the Defendant knew these images were on his computer on January 13-15, 2004. Accordingly, despite the Government's contention, there is no similarity to the prior conviction in which the Defendant intentionally and knowingly possessed child pornography which he himself downloaded onto computer disks.

Even the cases cited by the Government do not support the Government's contention. For example, the First Circuit has clearly recognized that where there is a likelihood that the jury

with be inflamed by the prior conviction, the evidence must be excluded. *United States v. Fields,* 871 F.2d 188, 196-198 (1st Cir.1989); *United States v. Scelzo,* 810 F. 2d 2, 4 (1st Cir. 1997). It is difficult to imagine any evidence more inflammatory than a prior conviction possessing child pornography. Undoubtedly, the Defendant will be convicted if the evidence is introduced which is why the Government has proffered it. However, where there is no similarity under Rule 404(b), the Defendant will be unfairly prejudiced under Rule 403 and the relevance of the prior conviction is so remote under Rule 402, the Defendant's prior conviction should not be introduced at trial.

                    Respectfully submitted,

                    Peter Charles Horstmann, Esquire
                    BBO #556377
                    PARTRIDGE, ANKNER & HORSTMANN, LLP
                    200 Berkeley Street, 16th Floor
                    Boston, Massachusetts 02116
                    (617) 859-9999

**CERTIFICATE OF SERVICE**

      I, Peter Charles Horstmann, Esquire, hereby certify that on this 3rd day of March, 2006, a copy of the foregoing **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)** was served electronically upon Dana Gershengorn, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210 and upon Sherri A. Stephan, US Department of Justice, Child Exploitation and Obscenity Section, 1400 New York Avenue NW, 6th Floor, Washington, DC 20005

                    Peter Charles Horstmann, Esquire