IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          Plaintiff           )
                              )      Criminal No. 04-10217-GAO
     v.                       )
                              )
DARREN F. WILDER              )
                              )
          Defendant           )
_____)

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION _IN LIMINE_
TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTION,
INTERNET SUBSCRIPTIONS, INTERNET LOGS AND PROGRAMS INSTALLED ON
THE DEFENDANT'S COMPUTER**

The United States of America, by and through its counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts, Assistant United States Attorney Dana Gershengorn and Sherri A. Stephan, Trial Attorney, United States Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, hereby files this opposition to Defendant's motion _in limine_ seeking to exclude evidence of Defendant's prior conviction and Internet activities.

**I.      PRELIMINARY STATEMENT**

The Defendant, Darren Wilder, is charged with transporting, receiving and possessing visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252. Defendant now seeks to exclude evidence of his prior conviction for possession of child

pornography, website membership subscriptions, logs of his
Internet activity and programs he installed on his computer.
For the reasons set forth below, the Defendant's motion has no
merit and should be denied in its entirety.

## II.    <u>RELEVANT EVIDENCE ADMISSIBLE</u>

The general rules for the admissibility of evidence is
governed by Federal Rules of Evidence, Rules 401, 402 and 403
which generally state that relevant evidence is that which has
the "tendency to make the existence of any fact that is of
consequence to the determination of the action more probable . .
. " and it is admissible providing its probative value is "not
substantially outweighed by the danger of unfair prejudice."  <u>See</u>
Fed.R.Evid. 401-403.


## III.    <u>ARGUMENT</u>

A.    <u>Defendant's prior conviction for possession of child
pornography is admissible as probative evidence of
Defendant's intent, knowledge, lack of mistake or accident
and motive.</u>

The Government has requested this Honorable Court admit
evidence at trial of Defendant's prior conviction in a separate
pleading filed on February 21, 2006, at docket number 64 and
hereby incorporated by reference.  The Government's position on
this issue is fully addressed in that pleading.

B.  **Evidence of Defendant's website membership subscriptions, logs of Defendant's Internet activities and programs installed on Defendant's computer are all relevant and probative of Defendant's actions in transporting, receiving and possessing child pornography and are therefore admissible as material evidence**.

Defendant seeks to exclude evidence of his computer activities that show his access to sexual images of children, the manner of his access, and/or the attempt thereof.  Defendant bases his argument to exclude on Federal Rules of Evidence 402 and 404(b) which pertain to the admissibility of Defendant's prior "bad acts."  Defendant's reliance on F.R.E. 404(b) is misguided, because the evidence Defendant seeks to exclude simply does not constitute prior bad act evidence.  Rather, it is "part and parcel" of Defendant's charged conduct.  "Rule 404(b) applies just to evidence of other bad acts or crimes-those other than the crime charged.  Where evidence of 'bad acts' is direct proof of the crime charged, Rule 404(b) is, of course, inapplicable." United States v. Tejada, 886 F.2d 483, 487 (1st Cir. 1989) (emphasis original), see also United States v. Arboleda, 929 F.2d 858 (1st Cir. 1991); and United States v. Nivica, 887 F.2d 1110, 1119 (1st Cir. 1989) ("Since the evidence was part and parcel of the charged offense, it was independently admissible . . . ")

1.  Websites

One broad category of evidence Defendant seeks to exclude is the evidence that the Defendant utilized websites as part of his

knowing receipt of child pornography.  For example, Defendant purchased a membership to a website called LustGallery[1] after seeing a preview page that explicitly offered access to child pornography.  It was this purchase that first brought him to the attention of law enforcement and that ultimately led to the execution of the search warrant on his residence.  The evidence of the Defendant's subscription to the website (consisting of records retrieved from his computer, his credit card bills, screen captures of the website during the time frame of Defendant's subscription, and deleted images on his computer) therefore not only provides the context for law enforcement's focus on the defendant and the resulting search that led to the seizure of the computer, but it is also probative of how Defendant *knowingly* transported, received and possessed images of children engaged in sexually explicit conduct; the Defendant

---

[1] Defendant claims that the "Government has conceded at least with respect to "Lust Galleries" that adult pornography was available on the website as well."  This is *absolutely false*. LustGallery has been preserved by the Government on several occasions including immediately before Defendant's membership purchase and immediately after.  The website contains images of children engaged in sexually explicit conduct as well as child erotica.  The term "child erotica" is commonly understood to mean "any material, relating to children that serves a sexual purpose for a given individual."  See Kenneth V. Lanning, Child Molesters: A Behavioral Analysis (2001) at 65.  Some of the more common types of child erotica include photographs that are not sexually explicit.  Federal Courts have recognized that evidentiary value of child erotica and its admissibility in child pornography cases.  United States v. Cross, 928 F.2d 1030 (11th Cir. 1991) (testimony about pedophile deriving sexual satisfaction from collecting non-sexual photographs of children admissible to show intent and explain actions of defendant).

knowingly used his computer to obtain the sexual images of children.  See  United States v. McCann, 366 F.3d 46, 54 (1st Cir. 2005) (rev'd and remanded pursuant to Booker v. Washington, 543 U.S. 220 (2005)) (where evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated).

As another example of websites inextricably intertwined with the Defendant's crimes, Defendant seeks to exclude evidence that he requested a child pornography video from a website recovered from his computer called:  "WildOrchiday" during the same time frame he is alleged to have knowingly received and possessed child pornography.  Evidence seized from the computer proves that the Defendant requested a specific video from this website, which explicitly advertised videos of child pornography; one of the videos advertised was the one Defendant was requesting.  This evidence is crucial in proving  not only Defendant's knowledge of his general receipt and possession of child pornography, but his intent and interest in obtaining such material.

2.  Log Files

Defendant also seeks to exclude evidence in the form of all log files retrieved from his computer.  Log files are files automatically created and retained by a computer that "log" where a computer user has gone on the Internet, what the computer user has searched for and  viewed, and other activities of the user. The log files the government anticipates using in this case are

direct evidence both of Defendant's knowledge of particular images charged in the Indictment and his conduct in seeking out child pornography. For example, one of the logs the government will introduce is a log created by the computer showing that the user actually viewed one of the images charged in the Indictment - thus proving the user's knowledge of the existence of this image (a required element for the Government). This evidence is clearly linked to the Government's proof in such a way that it cannot be extricated. Another example of relevant log files the Defendant seeks to exclude are the log files listing the Defendant's DBX files. DBX files are files that relate to the computer user's use of email. In this case, the Defendant is charged with transporting images of child pornography by way of email. Certainly, therefore, the logs of his email activity are inherently intertwined with the criminal activity charged.

3.    <u>Installed Programs</u>

The final broad category of evidence Defendant seeks to exclude is evidence of programs installed on his computer. Once again, the programs installed on Defendant's computer are part and parcel of the evidence supporting the crimes charged. For instance, the Government will show that the defendant obtained his "collection" of child pornography through the use of Newsgroups. Thus, the evidence that Defendant installed the Newsgroup software "PixNewsPro" is inextricably intertwined with the Government's theory in this case. Likewise, the installation

of PixNewsPro in such a way as to automatically download images from a particular Newsgroup is intertwined with how the Defendant continued to maintain his collection while simultaneously deleting images.  <u>See</u> <u>Id</u>.  Similarly, evidence that defendant installed a program to eliminate Internet evidence from his computer is necessary to explain why such evidence could not be found (it also provides direct and compelling evidence of Defendant's knowledge that his activities were illegal).

All of the categories of evidence mentioned above are essential to establishing the overall "story" of Defendant's actions.  Omitting this type of evidence would portray a false context of Defendant's criminal activity and leave blatant holes in the presentation of the Government's case.   Because the evidence is part and parcel of the substantive crimes, the appropriate analysis for this Court is simply whether the evidence at issue meets the standards set forth in Federal Rules of Evidence 401, 402 and 403; *to wit*: whether the evidence is relevant and whether its probative value is not *substantially* outweighed by the danger of unfair prejudice.

C.    **<u>Any alleged prejudice resulting from the admission of relevant computer activity evidence will not substantially outweigh its probative value</u>**.

Relevant evidence may still be excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice.  <u>See</u> Fed.R.Evid. 403; <u>See also</u> <u>United States v. Hopkins</u>, 492 F.2d 1041, 1043 (1st Cir. 1974).  That evidence helps

the prosecution and hurts the Defendant does not warrant exclusion.  In addition, "[e]vidence that forms [an] 'integral and natural part of the witnesses's accounts of the circumstances surrounding the offenses for which the defendant was indicted' is admissible even if it tends to reflect negatively on the defendant's character."  United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989).

In his motion, Defendant fails to provide any support for a claim that the evidence he seeks to exclude would result in *unfair* prejudice to him; Defendant merely claims the evidence is prejudicial.  But, "by design, all evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989).   Evidence that provides the context and background for the criminal behavior at issue and is probative of an element in dispute -- in this case whether Defendant acted knowingly - - can not be said to create a danger of *unfair* prejudice.  In addition, to the extent that Defendant expresses concern that some of the evidence retrieved from his computer indicates a simultaneous interest in adult pornography, the Government states that it does not intend to introduce any testimony related to adult pornography or Defendant's actions in seeking such materials.

D.   **Alternatively, the relevant computer activity evidence is admissible pursuant to Federal Rules of Evidence 404(b).**

Even if this Court should conclude that some or all of the evidence outlined above is not independently admissible as

"inextricably intertwined" with, and "part and parcel" of, the
charged offenses, the evidence is nonetheless admissible under
Federal Rule of Evidence 404(b).  Rule 404(b) provides for the
introduction of other-act evidence for purposes including
knowledge, intent, lack of mistake or accident and motive.
United States v. Tavares, 427 F.3d 122, 125 (1st Cir. 2005).  At
trial, the Government must prove that the Defendant acted
***knowingly*** when he transported, received and possessed images of
children engaged in sexually explicit conduct, and the evidence
Defendant seeks to exclude is the direct evidence of the
requisite mens rea.

     The compelling need for the evidence becomes even more
obvious when considered in light of Defendant's expert witness
disclosure.  Defendant notified the Government his expert will
provide evidence in support of a defense of lack of knowledge or
mistake.  Given this anticipated defense, the admission of the
outlined evidence is especially relevant and probative.  As noted
above, the evidence the Defendant seeks to exclude goes directly
to the issue of his knowledge, intent and lack of mistake - the
very issues Defendant indicates he plans to raise as a defense in
this case.

                    IV.      **CONCLUSION**

     Based on the foregoing, evidence of Defendant's Internet
activity clearly meets the standards for admissibility set forth
in Federal Rules of Evidence 401, 402 and 403 and is therefore

admissible at Defendant's trial.

Respectfully submitted,
MICHAEL SULLIVAN
United States Attorney

By:/s/Dana Gershengorn
DANA GERSHENGORN
Assistant United States Attorney
617-748-3120
SHERRI A. STEPHAN
Trial Attorney, CEOS
U.S. Department of Justice
202-353-4438


Dated: March 3, 2006