UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

vs.                                               Criminal No. 04-10217-GAO

DARREN WILDER,

    Defendant.
_____

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S PROPOSED JURY QUESTIONNAIRE

    Now comes the United States and hereby objects to the use of the "Personal and Confidential Jury Questionnaire" proposed by the defendant in this case. As reasons therefore, the government states that the questionnaire is unnecessary, misleading, and largely irrelevant and/or duplicative of questions independently proposed by counsel. The defendant has shown no reason why this questionnaire would be useful to either the Court or the parties in furtherance of obtaining a fair and impartial jury in this matter. In contrast, the use of this questionnaire would likely cause an excessive waste of time and effort by both the potential jurors and the parties - once the questions were answered by the potential jurors, the Court would certainly have to further inquire of them, thereby essentially doubling the time necessary to pick a jury in this case.

    The government also objects to a number of the questions

contained in the proposed Jury Questionnaire. Specifically, the United States objects to the following:

**Question #1** - The government's objection is based on grounds of relevance. The above referenced case has no tie to the "priest sex abuse scandal." To the best of the government's knowledge, child pornography played no role in the investigation into sexual abuses by the clergy in the Boston area.

**Question #2** - The government's objection is based on grounds of relevance. The above referenced case does not involve allegations of sexual abuse by the defendant. Potential jurors are routinely asked whether they have ever been the victim of any crime; such a question by its nature includes crimes of sexual abuse. Highlighting sexual abuse would be unnecessary and irrelevant in this case.

**Question #3** - The government's objection is based on grounds of relevance. The defendant in the above referenced case has not been charged with abuse of any person, nor does the government anticipate introducing any evidence to infer that the defendant has engaged in such conduct.

**Question #6** - The government's objection is based on grounds of relevance. Whether potential jurors believe something is a crime is irrelevant, unless they are unable to follow the Court's instructions on the law. It is the Court's role to instruct the jury on what is and is not a crime; it is not relevant that jurors have prior knowledge, accurate or inaccurate, of the criminal code.

**Question #9** - The government's objection is based on grounds of relevance. While the government agrees that a potential juror's experience and knowledge with computers could be an important consideration this case, the question of whether an individual, in 2006, owns a computer fails to assist either the Court or the parties in obtaining useful information on this subject. Surely, virtually all potential jurors today own a computer - the mere possession of a computer, however, fails to indicate whether a potential juror might be appropriate for this case.

**Question #11** - The government's objection is based on grounds of relevance. See objection to question #9 above.

**Question #19** - The government's objection is based on grounds of relevance. The above referenced case does not involve children using the Internet, or the defendant contacting children by way of the Internet. Whether a potential juror advocates for stricter

laws protecting <u>children</u> from the Internet is thus irrelevant to the charges at issue.

**Questions #20** - The government's objection is based on grounds of relevance. As noted above, the charges against the defendant in the above referenced case do not involve sexual abuse of children. As such, the government suggests it is irrelevant whether a potential juror might advocate for stricter laws against sexual abuse.

The government agrees in principle with the questions put forth in the proposed questionnaire labeled #s 4, 5, 7, 8, 10, 13-18. However, as noted above, the government submits that incorporating these questions into a verbal voir dire will be both more informative for the parties and more efficient in producing a qualified panel of jurors.  The United States has submitted, under separate cover, proposed voir dire questions for the above referenced matter.

For the above stated reasons, the United States objects to the use of the "Personal and Confidential Jury Questionnaire" proposed by the defendant in this case, and asks the Court to conduct a verbal voir dire consistent with the questions proposed by the United States.

                                                Respectfully submitted
For the United States

MICHAEL SULLIVAN
United States Attorney

By:/s/Dana Gershengorn
DANA GERSHENGORN
Assistant U.S. Attorney
617-748-3120
SHERRI STEPHAN
Trial Attorney
U.S. Department of Justice
202-353-4438