UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATE OF AMERICA        )
                               )
v.                             ) No. 04-10217-GAO
                               )
DARREN WILDER                  )


## <u>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**</u>


Now comes the United States and hereby submits the attached proposed jury instructions for use in the above referenced case.


Respectfully submitted
For the United States

MICHAEL SULLIVAN
UNITED STATES ATTORNEY

By.<u>/s/Dana Gershengorn</u>
DANA GERSHENGORN
Assistant U.S. Attorney
617-748-3120
SHERRI STEPHAN
Trial Attorney
U.S. Department of Justice

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-10217-GAO |
| DARREN WILDER, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## **JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or produce any evidence at all, and if a Defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

This burden never shifts to the Defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all of the evidence, you are satisfied beyond a reasonable doubt of the Defendant's guilt of a particular crime, you should vote to convict him.

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to

make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Such witnesses are referred to as expert witnesses.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The evidence in this case includes facts to which the lawyers have agreed to or stipulated. A stipulation means simply that the government and the Defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

You have heard evidence that the Defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, the Defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether the Defendant had the state of mind or intent necessary to commit the crime charged in the Indictment;

(2) Whether the Defendant acted knowingly in committing the acts charged in the Inidctment;

(3) Whether the Defendant had a motive or the opportunity to commit the acts charged in the Indictment;

(4) Whether the Defendant committed the acts he is on trial for by accident or mistake.

Remember, these are the only purposes for which you may consider evidence of Defendant's prior similar acts. Even if you find that Defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

The Defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of to draw such an inference would be wrong; indeed it would be a violation of your oath as a juror.

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

At this time I will explain the Indictment, which charges three separate offenses called "counts."  I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

Count 1 charges that the Defendant knowingly transported child pornography in interstate or foreign commerce

Count 2 charges that the Defendant knowingly received or attempted to receive child pornography that had traveled in interstate commerce.

Count 3 charges that the Defendant knowingly possessed child pornography.

I will now explain the law governing these offenses.

Title 18, United States Code, Section 2252(a)(1), makes it a federal crime for any person to knowingly transport any visual depiction in interstate or foreign commerce. For you to find the Defendant guilty of the crime charged in count one of the Indictment, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

First:    That the Defendant knowingly transported a visual depiction in interstate commerce by any means, including by computer;

Second:   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third:    That such visual depiction was of a minor engaged in sexually explicit conduct; and

Fourth:   That the Defendant knew that such visual depiction was of a minor engaged in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(2), makes it a federal crime for any person to knowingly receive any visual depiction that has been shipped or transported in interstate or foreign commerce, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct. For you to find the Defendant guilty of the crime charged in count Two of the Indictment, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

First:    That the Defendant knowingly received a visual depiction that had been shipped or transported in interstate or foreign commerce by any means, including by computer;

Second:   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third:    That such visual depiction was of a minor engaged in sexually explicit conduct; and

Fourth:   That the Defendant knew that such visual depiction was of a minor engaged in sexually explicit conduct.

The Defendant is also charged in Count Two with the lesser included offense of attempting to receive visual depiction of minors engaged in sexually explicit conduct. In order to carry its burden of proof for the crime of attempting to receive visual depictions of minors engaged in sexually explicit conduct as charged in Count Two of the Indictment, the government must prove the following two things beyond a reasonable doubt.

First, that Defendant intended to commit the crime of receiving visual depictions of minors engaged in sexually explicit conduct; and

Second, that Defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.

Title 18, United States Code, Section 2252(a)(4)(B), makes it a federal crime for any person to knowingly possess one or more matters that contain any visual depiction that has been shipped or transported in interstate or foreign commerce, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct. For you to find the Defendant guilty of the crime charged in count Three of the Indictment, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

First:    That the Defendant knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct;

Second:   That the production of  the visual depiction involved the use of a minor engaging in sexually explicit conduct the visual depiction was of such conduct;

Third:    That the Defendant knew that the visual depiction involved use of a minor engaging in sexually explicit conduct; and

Fourth:   That the visual depiction had been either transported in interstate or foreign commerce, by any means including by computer.

The term knowingly as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

In this case, the term knowingly refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct.

The United States does not need to show that the Defendant had specific knowledge as to the actual age of the person in the picture. Rather, the Defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both.

In deciding whether the Defendant acted knowingly, you may infer that the Defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the Defendant was aware that there was a high probability of that fact. Second, that the Defendant consciously and deliberately avoided learning of that fact. That is to say, the Defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. Negligence or mistake is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

The term "minor," means any person under the age of eighteen.

The term "interstate commerce," includes commerce between any place in a state and any place outside of that state. I instruct you that images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material in question had been transmitted or received over the Internet.

The term "visual depiction," includes undeveloped film and videotape, and data stored on computer or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct," means actual or simulated:

(A)  sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B)  bestiality;

(C)  masturbation;

(D)  sadistic or masochistic abuse; or

(E)  lascivious exhibition of the genitals or pubic area of any person.

21

In order to determine whether a visual depiction is a lascivious exhibition of the genitals or pubic area, you just consider the overall content of the visual depiction, while taking into account the age of the child depicted.

The following list of factors, while not exhaustive, are among the things you should consider:

1) whether the focal point of the visual depiction is on the child's genitals or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Of course a visual depiction need not involve all of these factors to be a lascivious exhibition, and it is for you to decide the weight or lack of weight to be given to any of these factors.

Although you have heard evidence that the Defendant had multiple images of child pornography, the United States is required to prove only that the Defendant acted with respect to one single picture of child pornography for each count of the Indictment. That could be the same picture for each count, or a different picture for each count, so long as you the jury agree unanimously that the government has proven one particular picture per count. Therefore, as long as you find beyond a reasonable doubt that the Defendant knowingly acted with respect to at least one image per count, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the Defendant guilty.

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

A separate crime or offense is charged in each count of the Indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  The fact that you may find  the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted, the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict.]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )

v.

DARREN WILDER,

_____Defendant._____

_____

**<u>VERDICT</u>**

We, the Jury, unanimously find the Defendant, DARREN
WILDER,

as to Count 1:

GUILTY _____        NOT GUILTY _____

as to Count 2:

GUILTY _____        NOT GUILTY _____

as to Count 3:

GUILTY _____        NOT GUILTY _____


SO SAY WE ALL:

_____        _____
Foreperson (please sign)                       Date
Boston, Massachusetts