UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10217-GAO

UNITED STATES OF AMERICA

v.

DARREN F. WILDER,
Defendant

MEMORANDUM AND ORDER
March 10, 2006

O'TOOLE, D.J.

The defendant, Darren F. Wilder, has been charged in a Second Superseding Indictment with transportation, receipt and possession of child pornography in violation of 18 U.S.C. § 2252 (a)(1), (2) and (4)(B). Wilder has moved to dismiss Count 1 (charging transportation) on the ground that the images he is alleged to have transported do not constitute child pornography as a matter of law. In the alternative, he argues that Count 1 should be severed because joinder of the three counts will require him to assert inconsistent defenses at trial. Wilder also contends that Counts 2 and 3 should be dismissed because the PROTECT Act's mandatory minimum sentences for second offenses under 18 U.S.C. § 2252 (to which he would be subject upon conviction) violate the Eighth Amendment's prohibition against cruel and unusual punishment.[1] For the reasons set forth below, Wilder's motion to dismiss and his motion to sever Count 1 are DENIED.

---

[1] Wilder had also moved to dismiss the indictment on the grounds that 18 U.S.C. § 2252 violates the First, Fourth, Fifth and Sixth Amendments. At the Final Pre-Trial Conference I ruled from the bench that the argument was insufficiently developed to warrant consideration.

I.      **Motion to Dismiss Count 1**

In order to charge Wilder with transporting child pornography, the grand jury had to find that the images allegedly transported involved a "minor engaging in sexually explicit conduct." 18 U.S.C. § 2252 (a)(1). "Sexually explicit conduct" is defined in 18 U.S.C. § 2256 (2)(A) to include:

> (i) Sexual intercourse . . . between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or the pubic area of any person.

None of these terms is defined in the statute, but the First Circuit has provided some guidance as to what might constitute "lascivious exhibition of the genitals." While emphasizing that an inquiry of this nature should always be case-specific, the court indicated that six factors set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), and adopted by other circuit courts "are generally relevant and provide some guidance in evaluating whether the display in question is lascivious."[2] United States v. Amirault, 173 F.3d 28, 32 (1st Cir. 1999). Those six factors include: (1) whether the focal point of the image is the child's genitals or pubic area; (2) whether the setting of the image is sexually suggestive; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness

---

[2]The First Circuit also emphasized that the factors were "neither comprehensive nor necessarily applicable in every situation" and that "there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition." Amirault, 173 F.3d at 32.

to engage in sexual activity; and/or (6) whether the image is intended or designed to elicit a sexual response in the viewer. Id. at 31.

Generally speaking, a determination of whether a particular image depicts sexually explicit conduct is a question of fact for the jury. See United States v. Rayl, 270 F.3d 709, 714 (8th Cir. 2001); United States v. Knox, 32 F.3d 733, 747 (3d Cir. 1994); United States v. Arvin, 900 F.2d 1385, 1390 (9th Cir. 1990). In the rare cases where courts have been called upon to assess whether images depict sexually explicit conduct, courts in different circuits have applied different standards of review. See Rayl, 270 F.3d at 715 (establishing that the proper standard of review was whether "[t]he jury could reasonably find [that the images] depicted sexually explicit conduct"); United States v. Villard, 885 F.2d 117, 122 (3d Cir. 1989) (holding that image depicts sexually explicit conduct under 18 U.S.C. § 2256 (2)(A)(v) if more than one Dost factor is present); United States v. Wolf, 890 F.2d 241, 245 n.6 (10th Cir. 1989) (holding that the presence of a single Dost factor could be sufficient to warrant a finding that an image depicts sexually explicit conduct under 18 U.S.C. § 2256 (2)(A)(v)).

I have reviewed each of the four images identified in Count 1, and I conclude that a reasonable grand jury could have found, and a reasonable trial jury could find, that the images at issue depict sexually explicit conduct as defined in § 2256 (2)(A). Count 1 shall not be dismissed.

**II.     Motion to Dismiss Counts 2 and 3**

Wilder argues that Counts 2 and 3 of the Second Superseding Indictment should be dismissed because the mandatory minimum sentences for second offense receipt and possession of

child pornography violate the Eighth Amendment's prohibition against cruel and unusual punishment.

Wilder's contention is not supported by the law. Relying largely on the Supreme Court's plurality decision in Harmelin v. Michigan, 501 U.S. 957 (1991), the First Circuit, among others, has recognized that legislatures have the authority to set the penalties for non-capital crimes. See United States v. Saccocia, 58 F.3d 754 (1st Cir. 1995) (concluding "[t]he Supreme Court has made it plain that the use of severe penalties as part of the legislative armamentarium does not constitute cruel and unusual punishment."); United States v. Campusano, 947 F.2d 1, 4 (1st Cir.1991) (stating "[t]here is no constitutional right, in non-capital cases, to individualized sentencing. Legislatures are free to provide for mandatory sentences for particular offenses."); see also Hutto v. Davis, 454 U.S. 370, 374 (1982) (stating federal courts should be reluctant to review legislatively mandated terms of imprisonment) . Furthermore, the Supreme Court's recent plurality opinion in Ewing v. California stands for the proposition that a sentence can only be considered cruel and unusual if "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." 538 U.S. 11, 30 (2003) (quoting Harmelin, 501 U.S. at 1005 (Kennedy, J. concurring in part and concurring in the judgment)).

Wilder has not demonstrated that the mandatory minimums imposed for second offense receipt and possession of child pornography are "grossly disproportionate" to the underlying crimes. Congress has made it quite clear that child pornography offenses are serious crimes and should be treated as such. See H.R. Conf. Rep. No. 108-66 at 51 (2003) ("The increased mandatory minimum sentences are responsive to real problems of excessive leniency in sentencing under existing law. . . . Courts have been disposed to grant downward departures from the

guidelines for child pornography possession offenses under chapter 110, based on the misconception that these crimes are not serious."). The Supreme Court's Eighth Amendment opinions have made it equally clear that "successful challenges to the proportionality of particular sentences should be exceedingly rare." Hutto, 454 U.S. at 374 (citations and internal quotations omitted); see also Ewing, 538 U.S. at 30-31 (affirming 25 year to life sentence for theft of three golf clubs under California's three-strikes law); Harmelin, 501 U.S. at 961, 996 (affirming sentence of life in prison without parole for first time offender convicted of possessing 672 grams of cocaine); Rummell v. Estelle, 445 U.S. 263, 265-66, 285 (affirming sentence of life in prison without the possibility of parole under Texas three-strikes statute for obtaining less than $125 by fraudulent pretenses where two prior felonies were fraudulent use of a credit card to obtain $ 80 and passing a forged check in the amount of $ 28.36). Viewed in light of the Supreme Court's Eighth Amendment jurisprudence, the mandatory minimums set forth in 18 U.S.C. § 2252 (b)(1) and (2),15 years for receipt and 10 years for possession, are not grossly disproportionate to the serious offenses that they are meant to punish. Counts 2 and 3 shall not be dismissed.

**III.     Motion to Sever Count 1**

Under Fed. R. Crim. P. 8 (a), offenses which are of the same or similar character or are connected with or constitute a common scheme or plan may be joined in a single indictment or trial. Under Fed. R. Crim. P. 14 (a), however, the Court may sever offenses if failure to do so would prejudice the defendant. The defendant claims he will be prejudiced because if all three counts are tried together he may have to assert "inconsistent" or "incompatible" defenses at trial. The arguments he foreshadows are not inconsistent or incompatible, however. Specifically, an argument that the images in Count 1 do not depict minors engaged in sexually explicit conduct is

5

not inconsistent with an argument that he did not possess the images charged in Counts 2 and 3; the two arguments are merely different. His request for severance is further undermined by one of his motions in limine (Dkt. No. 59), which suggests that he may argue that at least some of the images in Counts 2 and 3, like those in Count 1, do not depict minors engaged in sexually explicit conduct. Because the defenses are not incompatible and there is no other alleged source of prejudice to the defendant, severance of Count 1 is not warranted.

### IV.     Conclusion

For the foregoing reasons, Wilder's motion to dismiss is DENIED. His alternative request to sever Count 1 is also DENIED.

It is SO ORDERED.


March 10, 2006                          \s\ George A. O'Toole, Jr.
DATE                                    DISTRICT JUDGE