UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
UNITED STATES OF AMERICA        )
                                )   CASE NO. 04CR10217GAO
v.                              )
                                )
DARREN F. WILDER                )
_____)

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
AND INCORPORATED MEMORANDUM**

NOW COMES the Defendant, Darren Wilder, through counsel, and hereby moves this Honorable Court pursuant to Fed.R.Crim., Rule 29(a) for a Judgment of Acquittal. In support thereof:

**1.   THE DEFENDANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL ON COUNTS 1 & 2 BECAUSE THE GOVERNMENT HAS FAILED TO PRESENT SUFFICIENT PROOF THAT THE IMAGES DEPICT ACTUAL CHILDREN.**

In support of Counts 1 and 2 of the Second Superceding Indictment the Government introduced the testimony of Dr. Celeste Wilson, over objection, for the proposition that the images depict real children under the age of 18.[1] Dr. Wilson testified that based upon her review of the images and her medical expertise that the images depict real children under the age of 18. The Government has also introduced the images themselves. Dr. Wilson conceded that she has no expertise in computer graphics or graphic design, and therefore, cannot determine whether the images were morphed or computer generated.[2]

---

[1] The Parties have stipulated that a portion of the images set forth in Count 3 represent a "real" child and therefore, Argument 1 is inapplicable to Count 3.

[2] The Government had identified Thomas Musheno as a photography expert to testify that based upon his image comparison experience, the images depicted real children. In fact, a *Daubert* hearing was held outside the presence of the jury on March 13, 2006. Although the

The Government must prove that an image depicts real children. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 256 (2002); *United States v. Hilton*, 386 F.3d 13, 18 (1st Cir. 2004)(Government not released from its burden to prove images depict real children by absence of evidence suggesting "artificiality" of the evidence). This is an element of the offense which the Government must prove beyond a reasonable doubt and my not shift the burden to the defendant to prove the contrary as an affirmative defense. *Id.* at 18.

In *United States v. Hilton*, 363 F.3d 58, 65-66 (1st Cir. 2004) (withdrawn), a panel of the United States Court of Appeals for the First Circuit was presented with an identical case in which the prosecution offered only evidence of expert pediatric testimony as to the age of the children in addition to the images. The Court held that it was insufficient for the Government to offer the testimony of a pediatrician as to the age of children depicted in images to establish that the children were real. The Court further opined that the Government must establish through expert testimony the images are of real children and that the images were not "morphed" using adult bodies with children's heads or virtual bodies. *Id.* at fn. 8. Despite the withdrawal of this prior opinion, the Government appears to have prepared its case for trial by adopting both suggestions. The Government's trial decision not to call Musheno cannot shift the burden of proof to the Defendant to prove the images were morphed or virtual. *Hilton,* 386 F.3d at 18.

Although Dr. Wilson testified as to her observations of the children depicted in the images and that they are real, this cannot meet the burden established by the First Circuit in either *Hilton* opinion. Dr. Wilson admitted that she had no training in computer graphics and could

---

Court ruled in favor of the Government that Musheno could testify, the Government elected not to call him as a witness at trial.

not testify that the images were not morphed or were of virtual children. As a result, the Government failed to prove that the images depicted real children beyond a reasonable doubt by excluding morphed or virtual computer images. *Ashcroft v. Free Speech Coalition*, 535 U.S. at 256; *United States v. Hilton*, 386 F.3d at 18; *But see United States v. Farrelly*, 389 F. 3d 649, 654 (6th Cir. 2004) (Government not held to heightened burden of presenting expert proof that images depict "real" children).

**2.    THE GOVERNMENT FAILED TO PROVE THAT THE IMAGES CONTAINED IN COUNT 1 CONSTITUTED CHILD PORNOGRAPHY**

Count 1 alleges that the Defendant sent an email on April 5, 2003, which attached files containing four images of child pornography. The four images appear to be of the same nude female child. In three of the images the child's genitals are displayed and in two images a "sex toy" is displayed.

In order to prove the defendant guilty of transporting child pornography the Government must have produced evidence to the Grand Jury that the images involved a "minor engaging in sexually explicit conduct." 18 U.S.C. §2252 (a)(1)(A). "Sexually explicit conduct" is defined in 18 U.S.C. §2256 (2)(A) as:

> (i) Sexual intercourse…between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person.

For the purposes of the instant images subparagraph (v) above is the only potentially applicable description. However, the First Circuit has adopted the following factors to guide the

inquiry as to whether lascivious exhibition exists:

    1. whether the genitals or pubic area are the focal point of the image;
    2. whether the seeing of the image is sexually suggestive (i.e., a location generally associated with sexual activity) ;
    3. whether the child is depicted in an unnatural pose or inappropriate attire considering her age;
    4. whether the child is fully or partially clothed, or nude;
    5. whether the image suggests sexual coyness or willingness to engage in sexual activity; and
    6. whether the image is intended or designed to elicit a sexual response in the viewer.

*United States v. Brunette*, 256 F. 3d 14, 18 (1st Cir. 2001); *United States v. Amirault*, 173 F. 3d 28, 31-32 (1st Cir. 1999). Clearly the images to not meet the foregoing factors and, therefore, the Government failed to meet its burden of proof as to Count 1.

**3. AT BEST, THE EVIDENCE INTRODUCED BY THE GOVERNMENT IS EQUALLY CONSISTENT WITH INNOCENCE AS WITH GUILT**

A conviction based upon speculation and surmise alone cannot stand. *United States v. Wiley*, 846 F.2d 150, 155 (2nd Cir. 1988). The Government must do more than introduce evidence "at least as consistent with innocence as with guilt." *United States v. D'Amato*, 39 F.3d 1249,1256 (2nd Cir. 1994). Here, the Government has done little more than speculate that the activity on the defendant's computer establishes that he knowingly possessed child pornography. However, the same evidence shows that defendant deleted all of the imagery from his computer except the most recent activity. This evidence is equally consistent with an intent not to possess it and delete it from his computer whenever he found it. Therefore, the evidence is at least as consistent with innocence as it is with guilt. *Id*.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court us respectfully urged to enter a Judgment of Acquittal as to Counts 1, 2 and 3 of the Second Superceding Indictment as set forth above.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 20th day of March, 2006, a copy of the foregoing motion was served by hand delivery upon Sherri Stephan, U.S. Department of Justice Child Exploitation and Obscenity Section 1400 New York Avenue NW, 6th Floor, Washington, DC 20005 and upon Dana Gershengorn, AUSA, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire