UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) |  |
| ) | CASE NO. 04CR10217GAO |
| v. ) |  |
| ) |  |
| DARREN F. WILDER ) |  |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE FROM THE SENTENCING GUIDELINES AND INCORPORATED SENTENCING MEMORANDUM**

NOW COMES the Defendant, Darren Wilder, through counsel, and hereby moves this Honorable Court for a downward departure and/or variance from the otherwise applicable guideline range.[1] Alternatively, the Court is urged to consider the issues set forth below pursuant to 18 U.S.C. § 3553(a). In support thereof, counsel states the following:

1.  Although the legal defense of negligent entrapment has not been embraced by the federal courts, *see United States v. Christian*, 1995 U.S. App. Lexis 24646 (6th Cir. 1995), entrapment by estoppel has been addressed by the First Circuit. *United States v. Bunnell*, 280 F.3d 46, 49 (1st Cir. 2002). Although Wilder's case does not present all of the necessary elements of these defenses, there is certainly a troubling aspect to Wilder's case which may be considered for sentencing purposes and is not adequately addressed elsewhere in the Sentencing Guidelines.

As this Court is aware, Wilder committed the instant offenses while on supervised release from a prior federal sentence for child pornography crimes related to his use of a computer. As set forth in the PSR at page 29, it was the practice of the Probation Department to

---

[1] It is not clear to the undersigned counsel, in light of *Booker v. United States*, 543 U.S. ____ (2005); 125 S.Ct. 738, whether a formal Motion for Downward Departure is still required given the advisory status of the Guidelines. However, in an abundance of caution and for the purpose of notifying the Government of intended sentencing arguments, I am filing the instant motion on behalf of Mr. Wilder.

1

recommend a special condition which prohibits individuals convicted of computer related sex offenses from using a computer. However, Wilder was permitted to access a home computer with internet access and a laptop for business. This failure by the Probation Department certainly contributed to Wilder's second conviction. Better supervision would almost certainly have prevented Wilder from re-offending. Probation's conduct was the equivalent of giving Wilder a crack pipe and crack cocaine, but telling him not to smoke it. This type of negligence on the part of the Probation Department was certainly not considered or addressed elsewhere in the Guidelines.

2. Mr. Wilder's victimization as a child certainly is a basis for departure and/or variance from the Guideline calculations. This event is set forth in Paragraph 51 of the PSR.

3. Based upon the letter dated June 19, 2006, from Casey Chapman, M.S.W., L.I.C.S.W., Mr. Wilder has made great strides since his arrest on the instant charges and therefore is entitled to a departure and/or variance based upon his post-arrest rehabilitation. A defendant's post-offense rehabilitation may be the basis for downward departure and/or variance if it is "extraordinary" and "exceed[s] ordinary expectations." *United States v. Sklar*, 920 F.2d 107, 116 (1st Cir. 1990). This departure has also been described as "hen's-teeth rare."*United States v. Craven*, 239 F.3d 91, 99 (1st Cir. 2001). "The touchstone of extraordinary rehabilitation is a fundamental change in attitude." *United States v. Craven*, 239 F.3d 91, 100 (1st Cir. 2001). The defendant must demonstrate a "real, positive behavioral change . . . and a commitment to repair and rebuild his or her life." *United States v. Motto*, 2002 WL 1018575, at *2 (E.D. Pa. May 17, 2002) (internal quotation marks omitted).

4. Mr. Wilder's convictions constitutes "aberrant behavior" entitling him to a departure and/or variance from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989).

5.      A combination of the above factors may constitute a separate basis for departure and /or variance. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

6.      Mr. Wilder should be given credit for his time served on the probation violation for the instant offense and on 24 hour home confinement awaiting trial in the instant case. Although the determination of what, if any, credit Wilder is to receive for his pretrial detention is committed to the Attorney General's Office, *United States v. Wilson*, 112 S.Ct. 1351, 1354 (1992), this Court may make certain recommendations regarding the Defendant's sentence. According the Court is requested to recommend that Mr. Wilder receive credit for his pretrial home detention. This may eliminate further litigation regarding this issue.

Additionally, this Court has discretion to run Mr. Wilder's sentence concurrent with the sentence already served for his supervised release violation for the same conduct. *United States v. Bauer*, 2005 WL 3336520 (D. Alaska)(defendant given credit for portion of supervised release violation sentence from date of Indictment). Applying similar reasoning to the instant case, Mr. Wilder should be given credit for the period of July 21, 2004 until March 2, 2005.

7.      Mr. Wilder respectfully requests a judicial recommendation to Ft. Devins where he may obtain continued treatment. He previously served a portion of his sentence for the violation of his supervised release at Ft. Devins.

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to depart downward from any sentence determined under the Sentencing Guidelines.

                Respectfully submitted,

                Peter Charles Horstmann, Esquire
                BBO #556377
                PARTRIDGE, ANKNER & HORSTMANN, LLP
                200 Berkeley Street, 16th Floor
                Boston, Massachusetts 02116
                (617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 23rd day of June, 2006, a copy of the foregoing Motion was served electronically, upon Dana Gershengorn, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210

                Peter Charles Horstmann, Esquire