UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )    CASE NO. 04CR10217GAO
v.                                  )
                                    )
DARREN F. WILDER                    )
_____)

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM AND
MOTION TO VACATE CONVICTIONS ON COUNTS 2 AND 3**[1]

On May 10, 2006, the United States Court of Appeals for the Third Circuit decided in *United States v. Tykarsky*, 446 F.3d 458, 479-483 (3rd Cir. 2006), that where the crimes charged "spanned two different versions of the statute", the district court's failure to give an instruction which eliminated even the remote possibility that the jury could have convict the defendant based solely on conduct which occurred prior to the effective date of the enhanced penalties constituted plain error. In *Tykarski*, as in the instant case, the amended statute at issue was the PROTECT Act which dramatically increased penalties for computer crimes involving child victims. Rejecting any harmless error argument and absent a clear finding from the jury, the Third Circuit vacated the defendant's convictions under the PROTECT Act. *Id*.

In the instant case, the plain error standard need not be applied because at both the charge conference and after final instructions trial counsel did object to the trial court's instruction to the jury which failed to adequately inform them that they could not convict the Defendant of Counts 2 and 3 based solely upon conduct charged in Count 1, because Count 1 occurred prior to the enactment of the PROTECT ACT. Accordingly, the Defendant's convictions on Counts 2

---

[1] The undersigned counsel first became aware of *United States v. Tykarsky*, 446 F.3d 458, 479-483 (3rd Cir. 2006), on June 26, 2006.

and 3 must be vacated where the jury was not afforded clear instructions from the Court upon which it could have determined the specific dates of the PROTECT Act offenses.

Although the time period for filing motions pursuant to Rule 29 and Rule 33 have lapsed, this Court retains inherent and statutory authority to vacate illegal convictions. 28 U.S.C. § 2255; *United States v. Rutz*, 964 F.Supp 1391, 1392-1393 (N.D. Cal. 1997)(Congress has granted district court judges authority to vacate a conviction). It would defy logic for Congress to have intended this Court to be stripped of authority to vacate an erroneous conviction based upon new case law decided after the seven day period prescribed by Rules 29 and 33, but before judgment enters so as to trigger § 2255. It would be equally illogical for this Court to have the authority to vacate the convictions on Counts 2 and 3 if *Tykarsky* were a Supreme Court or First Circuit case, but not be able to so because convincing case law was decided elsewhere. Indeed, were the Court to sentence the Defendant on Counts 2 and 3, it would have authority under § 2255 to vacate the same convictions and sentences moments after entering. Here, where the Third Circuit has convincingly decided that this Court's jury instructions were erroneous, it would be unjust for this Court to conclude it lacked authority to vacate the Defendant's convictions.

WHEREFORE, this Honorable Court is respectfully urged to vacate the Defendant's convictions on Counts 2 and 3 and sentence him only for his conviction on Count 1.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 27th day of June, 2006, a copy of the foregoing Motion was served electronically, upon Dana Gershengorn, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210

Peter Charles Horstmann, Esquire